IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF FLORIDA<br>by Attorney General Bill McCollum | )<br>)<br>)<br>)<br>) |
| STATE OF ARIZONA<br>by Attorney General Terry Goddard | )<br>)<br>)<br>) |
| STATE OF ARKANSAS<br>by Attorney General Dustin McDaniel | )<br>)<br>)<br>) |
| STATE OF CALIFORNIA<br>by Attorney General Edmund G. Brown, Jr. | )<br>)<br>)<br>) |
| STATE OF CONNECTICUT<br>by Attorney General Richard Blumenthal | )<br>)<br>)<br>) |
| DISTRICT OF COLUMBIA<br>by Interim Attorney General Peter J. Nickles | )<br>)<br>)<br>) |
| STATE OF IOWA<br>by Attorney General Thomas J. Miller | )<br>)<br>)<br>) |
| STATE OF KANSAS<br>by Attorney General Stephen N. Six | )<br>)<br>)<br>) |
| STATE OF MAINE<br>by Attorney General G. Steven Rowe | )<br>)<br>)<br>) |
| STATE OF MARYLAND<br>by Attorney General Douglas F. Gansler | )<br>)<br>)<br>) |
| STATE OF MINNESOTA<br>by Attorney General Lori Swanson | )<br>)<br>)<br>) |
| STATE OF MISSOURI<br>by Attorney General Jeremiah (Jay) W. Nixon | )<br>)<br>)<br>) |
| STATE OF NEVADA<br>by Attorney General Catherine Cortez Masto | )<br>)<br>)<br>) |
| STATE OF NEW YORK<br>by Attorney General Andrew M. Cuomo | )<br>)<br>) |

1

| | |
|---|---|
| STATE OF OREGON )<br>by Attorney General Hardy Myers )<br>)<br>COMMONWEALTH OF PENNSYLVANIA )<br>by Attorney General Tom Corbett )<br>)<br>STATE OF SOUTH CAROLINA )<br>by Attorney General Henry McMaster )<br>)<br>STATE OF WASHINGTON )<br>by Attorney General Rob McKenna )<br>)<br>STATE OF WEST VIRGINIA )<br>by Attorney General Darrell V. McGraw, Jr. )<br>)<br>)<br>                    Plaintiffs, )<br>         v.                  )<br>)<br>ABBOTT LABORATORIES, FOURNIER )<br>INDUSTRIE ET SANTE, and )<br>LABORATOIRES FOURNIER, S.A., )<br>)<br>                    Defendants. ) | Civ. No. 08-155-SLR |

### PLAINTIFF STATES' MOTION TO PROCEED *PRO HAC VICE* WITHOUT ASSOCIATION OF DELAWARE COUNSEL

Plaintiff States have moved for the admission *pro hac vice* of Elizabeth G. Arthur and R. Scott Palmer, Assistant Attorneys General from Florida, and Craig S. Farringer and Susan Phan, Assistant Attorneys General from the District of Columbia.[1] Plaintiff States now move the Court to exercise the discretion provided by D. Del. LR 83.5(d) to permit these attorneys to proceed *pro hac vice* without requiring association of Delaware counsel. Subject to the Court granting these motions, Florida counsel will appear as lead and liaison counsel, and both Florida and District of Columbia counsel will appear as counsel of record

---

[1] A separate form motion for admission *pro hac vice* has been filed for each attorney. For the convenience of the Court a copy of each individual motion for admission is attached.

2

for all of the Plaintiff States.

Plaintiff States have conferred with Defendants and they do not object to these motions. The reasons for Plaintiff States' request are presented below.

## I. Background

Plaintiff States have filed a complaint against Abbott Laboratories, Fournier Industrie et Sante, and Laboratoires Fournier, S.A. The complaint alleges that defendants thwarted generic competition to Abbott's blockbuster cholesterol drug TriCor (fenofibrate generically) because Abbott and Fournier feared such competition would erode their sales. As a result, consumers and public institutions have paid artificially high prices for fenofibrate. The complaint seeks an injunction, recovery of overcharges, and other relief.

## II. Argument

Delaware Local Rules 83.5 (d) and (e) require, "unless otherwise ordered," that for an out-of-state attorney to be admitted *pro hac vice,* that attorney must associate with a member of the Delaware bar within 30 days of the first paper filed and that Delaware counsel must file all papers and attend all proceedings before the Court. *See* D. Del. LR 83.5(d), (e) (2007). The rule does, however, provide the Court leeway in requiring such association, as does Delaware Local Rule 1.1(d), which permits the Court to modify the application of local rules "in the interest of justice." *See* D. Del. LR 1.1(d) (2007).

The Court should grant the Plaintiff States' request to proceed without Delaware counsel because, in analogous situations, the Court recognizes that government attorneys should be permitted to proceed without such counsel. For example, attorneys appearing for the United States are explicitly excepted from the Delaware counsel requirement, *see* D. Del. LR 83.5(f) (2007), and the Bankruptcy Court for the District of Delaware explicitly

3

extends its Delaware counsel exception to include government attorneys appearing on behalf of both the United States and States. *See* Del. Bankr. L.R. 9010-1(e)(i) (2008). Granting the Plaintiff States' request here simply extends the exception permitted the United States to Plaintiff States' counsel on a one-time basis and will work no mischief. *See Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 286 (1985) (the professional duty and interest of out-of-state attorneys in their reputation should provide the same incentive to maintain the high ethical standards expected of local counsel, and non-resident attorneys may be disciplined in the same manner as local counsel).

There are several reasons for the Plaintiff States' request. Hiring private attorneys[2] in complex litigation is a difficult matter for some Plaintiff States, and in some instances requires extraordinary administrative approvals.[3] Application of varying state rules and policies makes retaining private Delaware counsel a far more difficult proposition for the Plaintiff States than is the case for the typical private litigant.

Simply protecting the public treasury is another reason. All Plaintiff States save public money if staff attorneys represent the public interest rather than members of the private bar.[4] The subject matter of this case is complex, dealing with issues of pharmaceutical chemistry at the intersection of antitrust and intellectual property law. Very

---

[2] Because the State of Delaware has advised that it is not able to participate as Delaware counsel in this case, Plaintiff States will have to retain private counsel if the request to proceed without Delaware counsel is not granted.

[3] For example, Maryland must seek the affirmative permission of its Governor in order to retain outside counsel in this matter. *See* Md. State Gov't Ann. §6-105(b)(2004). The Attorney General of Maryland has requested this authorization from the Governor.

[4] Former Maine Attorney General James Tierney, who heads the National State Attorneys General Program at Columbia University Law School, has said that, except for extraordinary cases, taxpayers' legal work should be performed by government lawyers because "[it is] less expensive . . . [and] Government attorneys have a better perspective and understand their client." *See* Chris Barrish, *Delaware Pays Outside Lawyers Big Fees,* THE NEWS JOURNAL, *at* http://www.delawareonline.com/apps/pbcs.dll/article?AID=/20080309/ NEWS02/803090359 (last visited Mar. 12, 2008).

4

likely, Delaware counsel would need significant time to be fully briefed on the issues presented by the complaint, including the history and significance of the related patent litigation. Plaintiff States' counsel are fully familiar with the facts and legal theories of the case and are ready to move forward quickly and efficiently.

Concern that a lack of Delaware counsel will lead to confusion and delay in the disposition of the case is misplaced. Plaintiff States' counsel requesting admission *pro hac vice* are fully familiar with the Federal Rules of Civil Procedure, have taken the necessary time to familiarize themselves with local procedural rules and case law, and will seek procedural advice from Delaware attorneys where appropriate. Appointment of Florida as lead and liaison counsel will eliminate any need for the Court to issue multiple communications. As lead and liaison counsel, Florida will file all papers electronically as is required by Court rules, will be familiar with the CM/ECF procedures, and will register as a CM/ECF user. Moreover, the Court may still move quickly in an emergency as the District of Columbia is only a short distance from Wilmington and will respond to any emergency orders and appear on short notice as needed.

The Assistant Attorneys General seeking admission *pro hac vice* are in good standing in all jurisdictions in which they are admitted, submit themselves to the Court's jurisdiction and control, and pledge to demonstrate the judicious and careful practice that the Court properly expects.

### III. Conclusion

For the reasons set forth above, the Plaintiff States request that the Court waive the requirement of Delaware Local Rule 83.5(d) and permit Plaintiff States' counsel to proceed *pro hac vice* without association of Delaware counsel. A proposed order is attached.

Respectfully submitted,

Elizabeth G. Arthur
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: 850-414-3300
Facsimile: 850-488-9134
Elizabeth.Arthur@myfloridalegal.com

Date: 4/2/08

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 2, 2008, I caused to be served a true and correct copy of the foregoing document by United States Postal Service to the following:

<u>**Defendant**</u>

*Attorneys for Abbott Laboratories*

**Chad J. Peterman**
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710
E-mail: cjpeterman@pbwt.com

**Mary B. Graham**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
E-mail: mbgefiling@mnant.com

<u>**Defendant**</u>

*Attorneys for Fournier Industrie et Sante' and Laboratories Fournier, SA*

**James Cooper**
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
E-mail: James_Cooper@aporter.com

**Anne Shea Gaza**
**Frederick L. Cottrell, III**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
E-mail: gaza@rlf.com
E-mail: cottrell@rlf.com

(Signature of Party or Representative)

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STATE OF FLORIDA )
by Attorney General Bill McCollum )
 )
STATE OF ARIZONA )
by Attorney General Terry Goddard )
 )
STATE OF ARKANSAS )
by Attorney General Dustin McDaniel )
 )
STATE OF CALIFORNIA )
by Attorney General Edmund G. Brown, Jr. )
 )
STATE OF CONNECTICUT )
by Attorney General Richard Blumenthal )
 )
DISTRICT OF COLUMBIA )
by Interim Attorney General Peter J. Nickles )
 )
STATE OF IOWA )
by Attorney General Thomas J. Miller )
 )
STATE OF KANSAS )
by Attorney General Stephen N. Six )
 )
STATE OF MAINE )
by Attorney General G. Steven Rowe )
 )
STATE OF MARYLAND )
by Attorney General Douglas F. Gansler )
 )
STATE OF MINNESOTA )
by Attorney General Lori Swanson )
 )
STATE OF MISSOURI )
by Attorney General Jeremiah (Jay) W. Nixon )
 )
STATE OF NEVADA )
by Attorney General Catherine Cortez Masto )
 )
STATE OF NEW YORK )
by Attorney General Andrew M. Cuomo )

1

| | |
|---|---|
| STATE OF OREGON<br>by Attorney General Hardy Myers<br><br>COMMONWEALTH OF PENNSYLVANIA<br>by Attorney General Tom Corbett<br><br>STATE OF SOUTH CAROLINA<br>by Attorney General Henry McMaster<br><br>STATE OF WASHINGTON<br>by Attorney General Rob McKenna<br><br>STATE OF WEST VIRGINIA<br>by Attorney General Darrell V. McGraw, Jr.<br><br>                              Plaintiffs,<br><br>         v.<br><br>ABBOTT LABORATORIES, FOURNIER<br>INDUSTRIE ET SANTE, and<br>LABORATOIRES FOURNIER, S.A.,<br><br>                              Defendants. | Civ. No. 08-155-SLR |

## **ORDER**

Pursuant to the discretion provided by D. Del. LR 83.5(d), it is HEREBY ORDERED that:

\_\_\_\_\_   Plaintiff States' motion to permit government counsel to proceed *pro hac vice* without association of Delaware counsel is GRANTED. Florida counsel and District of Columbia counsel will appear as counsel of record. Florida counsel is appointed lead and liaison counsel for Plaintiff States. Florida counsel will register as a user of the CM/ECF system. All filings will be by Florida and will be governed by the local rules and CM/ECF procedures unless otherwise directed by the Court.

\_\_\_\_\_   Plaintiff States' motion to permit government counsel to proceed *pro hac vice* without association of Delaware counsel is DENIED. Pursuant

1

1

        to D.Del. LR 83.5(e), Plaintiff States will have 30 days from the filing of the initial complaint to associate Delaware counsel.

Dated: _____

                                              _____
                                              United States District Judge

1