IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF FLORIDA, et al. | )<br>)<br>)<br>)<br>) |
| Plaintiffs,<br>v.<br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A., <br><br>Defendants. | ) Civ. No. 08-155-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF STATES' MOTION TO CONSOLIDATE WITH CASES 05-340, 05-360, 02-1512, AND 03-120

Plaintiff States, pursuant to Rule 42(a), Fed.R.Civ. P., move the Court for an Order consolidating this case with the substantially identical actions already consolidated before this Court, cases 05-340, 05-360, 02-1512 and 03-120 (the "Private Actions"). Consolidation of the actions will allow Plaintiff States to participate in the briefing and argument of dispositive motions, conserve scarce judicial resources, save significant state taxpayer dollars and avoid the inefficiencies resulting from trials on virtually identical legal and factual issues, ensuring the efficient adjudication of the rights of all consumers. The prejudice to Defendants resulting from consolidation, if any, is substantially outweighed by the burden to the court, the parties and justice.

**Background**

Plaintiff States' have been investigating this case for over a year and a half and have regularly conferred with counsel for the generic competitors, the direct purchasers

1

and the end payors. During the investigation, the Plaintiff States issued Civil Investigative Demands ("CIDs") to Abbott Laboratories, Fournier Industrie et Sante, and Laboratoires Fournier, S.A. (collectively the "Defendants") as well as both generic competitors. The CIDs yielded a substantial production of information and data. Plaintiff States have also had access to all deposition transcripts, exhibits and expert reports in the Private Actions.

Based on Plaintiff States' review of the deposition transcripts, exhibits and expert reports, along with their review of documents obtained from the CIDs, twenty-five states and the District of Columbia recently filed a complaint against Defendants. Plaintiff States' complaint alleges that Defendants used a multi-pronged strategy to unlawfully thwart generic competition to their blockbuster cholesterol drug TriCor because Abbott and Fournier feared such competition would erode their sales. Defendants' unlawful conduct caused state entities and health care programs and citizens of each state to pay more for TriCor than they would have paid if competition had not been hindered.

Plaintiff States' allegations concerning liability are substantively identical to the allegations and legal theories advanced by plaintiffs in cases 05-340 and 05-360, as well as the counterclaims advanced by the injured generic competitors in cases 02-1512 and 03-120. Moreover, Plaintiff States' action, like action 05-360, seeks recovery on behalf of injured consumers who will also be part of the class in that pending action.[1] Plaintiff

---

[1] However, the mechanism by which consumer claims will be represented is governed by Fed. R. Civ. Proc. Rule 23 in case 05-360 and by *parens patriae* and analogous state laws in the Plaintiff States' case.

States also seek recovery on behalf of state entities that purchased TriCor, entities that are explicitly excluded from the putative class.[2]

As Plaintiff States have extensively investigated this matter, Plaintiff States are willing and able to comply with the schedule set out by the Court in the April 3, 2008 Scheduling Order. In addition to setting a trial date, the Court has scheduled dispositive motions with respect to market definition and the propriety of the patent litigations. Consolidation would afford the Plaintiff States the ability to fully and fairly participate in the briefing and argument of these motions, ensuring appropriate appellate rights, if necessary, and encouraging certitude with respect to the final disposition of these motions[3] and this matter.

**Arguments**

### A. Any Prejudice To Defendants Does Not Outweigh the Burden of Duplicative Proceedings

Plaintiff States respectfully submit that the prejudice, if any, that Defendants may suffer because Plaintiff States are consolidated with the Private Actions for the purpose of determining liability is outweighed by the burden duplicative proceedings will have on the Court's and Plaintiff States' limited resources. Because the actions are so closely aligned, it is logical that Plaintiff States' case should be consolidated with the Private Actions.

---

[2] The putative class in action 05-360 is defined to include "all persons or entities in the United States and its territories who purchased and/or reimbursed for fenofibrate products…[e]xcluding from the Class are…all governmental entities…" (C.A. 05-360 D.I. 1)

[3] On April 18, 2008, the Defendants moved for leave to file a motion for summary judgment on certain state law claims in the Private Actions. Undoubtedly, Defendants' motion, if granted, would address legal issues directly relevant to Plaintiff States case. However, because the Plaintiff States are not consolidated with the Private Litigants they do not have the opportunity to respond. The Plaintiff States' inability to respond to substantive legal issues affecting their case illustrates the pressing need for consolidation.

Used properly, consolidation pursuant to Rule 42(a)[4] makes multiparty litigation more fair and efficient, reduces or eliminates the duplicative effort that inheres in the independent prosecution of parallel claims and conserves scarce judicial resources. S*ee In re TMI Litigation,* 193 F. 3d 613, 724 (3d Cir. 1999) (purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues"); *Rohm & Haas Co. v. Mobil Oil Corp.,* 525 F. Supp. 1298, 1309-10 (D.Del. 1981); George T. Conway III, Note, *The Consolidation of Multistate Litigation in State Courts,* 96 Yale L.J. 1099, 1100 (1987) (discussing the benefits of the Judicial Panel on Multidistrict Litigation). Moreover, as this Court has noted in prior cases, there is little logic for the Court to educate itself on intricate common factual details and complex legal issues on two occasions and prepare for two separate trials when one would suffice. S*ee Rohm & Haas Co. v. Mobil Oil Corp.,* 525 F. Supp. 1298, 1309-10 (D.Del. 1981); *Waste Distillation Tech. Inc. v. Pan Am. Res. Inc.,* 775 F. Supp. 759, 761 (D.Del. 1991).

The Court has set aside three weeks to hear the Private Actions on issues of liability. It would not be efficient for the Court to spend three additional weeks to adjudicate the same issues in the Plaintiff States' case. Consolidation will save time and effort, promote judicial economy, and avoid duplication. The issues, facts, and law applicable to all parties are essentially the same with respect to Defendants' liability. As discussed above, Plaintiff States are in possession of the same facts and expert testimony

---

[4] Rule 42 (a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions, or
> (3) issue any other orders to avoid unnecessary cost or delay.

as the other plaintiffs and are prepared to proceed to the liability phase of this case along with the other plaintiffs. *See Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D.Del. 1981) (cases that are at different stages of litigation will not bar consolidation).

Moreover, consolidation of the Plaintiff States' action will conserve tax-payer dollars in numerous states. Consideration of such cost savings is entirely proper and in this instance weighs in favor of consolidating the Plaintiff States' action, particularly where many state treasuries face enormous financial woes. *See In Re Lucent Technologies Inc. Securities Litigation,* 221 F.Supp. 2d 472, 480 (D.N.J. 2001) ("in deciding whether to consolidate under Rule 42(a), it must be considered whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications… and the relative expense to all concerned of the single-trial, multiple-trial alternatives."). If Plaintiff States' action is not consolidated with the Private Actions, Plaintiff States will have to separately purchase transcripts, retain and compensate experts and court reporters, and duplicate the expense of preparing trial exhibits. These significant expenses would be lessened if the Court permits consolidation.

Consolidation will eliminate duplicative pretrial expenses as well as the need for a costly second trial for the Plaintiff States. Due to differences in state laws, consumers in some states may not have their antitrust claims adjudicated in the Private Actions. If these cases are not consolidated, some states consumers' antitrust claims would have to be tried in a second, duplicative and costly proceeding. Moreover, similarly, in the absence of consolidation in some states consumers may have their liability claims resolved under consumer protection statues, under an unjust enrichment theory or common law theories

in the Private Actions, while their antitrust claims in this case must await trial in a second proceeding. This result would be inefficient, possibly unfair and contrary to the set policy of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 19(a) (1)(A) (requiring joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties) *and* Fed. R. Civ. P 19(a)(1)(B) (requiring joinder of a party if that party's absence may "as a practical matter impair or impede the person's ability to protect the interest.")

### B. There Is No Precedent That Consolidation Will Prejudice The Defendants

In numerous previous cases, state Attorneys General have litigated side by side with private counsel with respect to anticompetitive conduct in the pharmaceutical industry against large pharmaceutical companies, including Abbott, without any concerns about possible prejudice. The state cases have traditionally have been consolidated or moved in tandem with private class cases, all without apparent prejudice to defendants. *See In re Pharmaceutical Industry Average Wholesale Price Litigation,* Case No. MDL-1456-01-12257-PBS (D. Mass.); *In re Terazosin Hydrochloride Antitrust Litigation,* Case No. MDL-1317-99 (S.D. Fla.) (Abbott defended antitrust allegations against private plaintiffs and state Attorneys General); *In re Infant Formula Multidistrict Litigation,* Case No. 91-878 (N.D. Fla.) (Abbott defended antitrust allegations against private plaintiffs and state Attorneys General); *In re Lorazepam and Cloraepate Antitrust Litigation,* Case No. 99-MDL-1290 (D.D.C.) (Mylan Laboratories defended antitrust allegations against private plaintiffs and fifty state Attorneys General); *In re Remeron End-Payor or Antitrust Litigation,* Case No. 02-2007 and 04-5126 (D.N.J.) (Organon USA Inc. defended antitrust allegations against private plaintiffs and fifty state Attorneys

General); *In re Buspirone Antitrust Litigation,* Case No. MDL 1413 (S.D.N.Y.). (BMS defended antitrust allegations against private plaintiffs and state Attorneys General); *In re CardizemCD Antirust Litigation,* Case No. MDL 1278; (Aventis Pharmaceuticals defended antitrust allegations against private plaintiffs and state Attorneys General); *State of Ohio, et. al. v. Bristol-Myers Squibb, Co.*, Case No. 02-cv-01080 (D.D.C.) (BMS defended antitrust allegations against private plaintiffs and state Attorneys General).

Moreover, any concern of potential prejudice may be limited by an appropriate instruction to the jury, stating that the state Attorneys General should be viewed no more or no less favorably than the private plaintiffs for the purpose of determining liability. Such an instruction should adequately address any concerns of fairness stemming from the participation of the states Attorneys General. *See DeShiro v. Branch*, No. 96-800-Civ-T-17E, 1996 U.S. Dist. LEXIS 16933, at *6-7, (M.D. Fla. Nov. 13, 1996) (argument that jury would be confused and overwhelmed with cumulative evidence and that prejudice to the defendants would result was rejected because potential prejudice could be managed with appropriate jury instructions and specially tailored verdict forms); *Duke v. Uniroyal*, 928 F.2d 1413 (4th Cir. 1991) (no prejudice to defendants where court allowing joinder of plaintiffs provided clear jury instructions including instruction that "each plaintiff's claim should be considered separately and should rise or fall on the evidence with respect to that plaintiff").

### C.   Consolidation Will Provide The Court With A Valuable Resource

Additionally, the Plaintiff States are well versed in the nuances of the various state laws and, if consolidated with the Private Actions would be in the best position to

assist the Court with those issues. Here, in Arkansas[5] and Washington,[6] the Attorney General is designated as the only representative for consumers under their states' respective antitrust laws. Further, in New York[7], only the Attorney General may aggregate the treble damage claims of consumers under state antitrust law on behalf of their consumers. Similarly, in Washington, Maryland,[8] Oregon,[9] and Idaho[10] only the Attorney General is authorized to seek monetary relief for those states' indirect purchasers. Consequently, consolidation of the Plaintiff States' action with the Private Actions will provide the Court with the best resources and enable it to resolve this action in the most efficient manner possible.

**Conclusion**

For the reasons set forth above, the Plaintiff States respectfully request that the Court enter an Order consolidating this case with cases 05-340, 05-360, 02-1512 and 03-120.

Dated: 4/25/08

Respectfully submitted,

*Elizabeth G. Arthur*
Elizabeth G. Arthur
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: 850-414-3300
Facsimile: 850-488-9134

---

[5] Ark Code Ann. §4-75-315
[6] Wash Rev. Code Ann. §19.86.080 & 090.
[7] *Sperry v. Crompton Corp.* 8 N.Y. 3d 204, 863 N.E.2d 1012, 2007 WL 527726 (N.Y. 2007).
[8] MD. Code Ann. §11-209.
[9] ORS §646.790, 646.775(1)(a).
[10] Idaho CODE §48-108(2).

## RULE 7.1.1 CERTIFICATION

I hereby certify that counsel for the Plaintiff States have raised the subject of the foregoing motion with counsel for the defendants, and that the parties have not been able to reach agreement on the issues raised in the motion.

                                            /s/ Elizabeth G. Arthur
                                            Elizabeth G. Arthur
                                            Assistant Attorney General
                                            STATE OF FLORIDA
                                            PL-01, The Capitol
                                            Tallahassee, Florida 32399-1050
                                            Telephone: 850-414-3300
                                            Facsimile: 850-488-9134
                                            elizabeth.arthur@myfloridalegal.com

Date: 4/25/08

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all registered participants:

The undersigned also hereby certifies that on April 25, 2008, true and correct copies of the foregoing were caused to be served by United States Postal Service to the following:

**Defendant**

| *Attorneys for Abbott Laboratories* | **Chad J. Peterman**<br>Patterson, Belknap, Webb & Tyler<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>cjpeterman@pbwt.com |
|---|---|
| *Attorneys for Fournier Industrie et Sante' and Laboratories Fournier, SA* | **James Cooper**<br>Arnold & Porter LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004-1206<br>james_cooper@aporter.com |

Elizabeth G. Arthur
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: 850-414-3300
elizabeth.arthur@myfloridalegal.com