IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF FLORIDA, et. al. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 08-155-SLR |
| v. | ) ) ) | |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A., | ) ) ) ) ) | |
| Defendants. | ) | |

**WAIVER OF SERVICE OF SUMMONS RETURNED EXECUTED**

PLEASE TAKE NOTICE that the Defendants in this matter, Abbott Laboratories, Fournier Industrie et Sante and Laboratories Fournier, S.A. expressly waive service of Plaintiff States' Summons and First Amended Complaint dated 4.18.08 and voluntarily submit to the jurisdiction of the United States District Court for the District of Delaware. For filing with this Court are the fully executed Waiver of Service of Summons submitted by Abbott Laboratories, Fournier Industrie et Sante and Laboratories Fournier, S.A.

Date: May 21, 2008

Elizabeth G. Arthur
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Elizabeth.Arthur@myfloridalegal.com

1

AO 398 (Delaware Rev. 7/00)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF FLORIDA, Et al. | ) <br> ) <br> ) <br> ) <br> ) <br>        Plaintiffs,    ) <br>  v.                     ) <br>                         ) <br> ABBOTT LABORATORIES, FOURNIER   ) CASE NUMBER: 08-155-SLR <br> INDUSTRIE ET SANTE, and         ) <br> LABORATOIRES FOURNIER, S.A.,    ) <br>                         ) <br>        Defendants.   ) |

## WAIVER OF SERVICE OF SUMMONS

TO:   Elizabeth G. Arthur
      Lead Attorney
      Assistant Attorney General
      Office of the Attorney General
      PL-01 The Capitol
      Tallahassee, FL 32399-1050

I, __Abbott Laboratories__, acknowledge receipt of your request
        (DEFENDANT NAME)

that I waive service of summons in the action of __State of Florida v. Abbott Laboratories__,
                                                   (CAPTION OF ACTION)

which is case number __08-155-SLR__ in the United States District Court
                       (DOCKET NUMBER)
for the District of Delaware.

   I have also received a copy of the First Amended Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that ABBOTT LABORATORIES be served with judicial process in the manner provided by Rule 4.

   ABBOTT LABORATORIES will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

AO 398 (Delaware Rev. 7/00)

    I understand that a judgment may be entered against ABBOTT LABORATORIES if an answer or motion under Rule 12 is not served upon you within 60 days after, __4/18/08__
(DATE REQUEST WAS SENT)

__5/16/08__               _[signature]_
(DATE)                                      (SIGNATURE)

Printed/Typed Name:   Chad J. Peterman

As __Attorney__ of __Abbott Laboratories__
      (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

AO 398 (Delaware Rev. 7/00)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF FLORIDA, Et al.<br><br><br>Plaintiffs,<br>v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NUMBER: 08-155-SLR |

## WAIVER OF SERVICE OF SUMMONS

TO:   Elizabeth G. Arthur
       Assistant Attorney General
       STATE OF FLORIDA
       Office of the Attorney General
       PL-01 The Capitol
       Tallahassee, FL 32399-1050

I, __Fournier Industrie et Sante__, acknowledge receipt of your request
          (DEFENDANT NAME)

that I waive service of summons in the action of __Florida v. Abbott Labs, et al.__,
                                                                 (CAPTION OF ACTION)

which is case number __08-155-SLR__ in the United States District Court
                         (DOCKET NUMBER)
for the District of Delaware.

    I have also received a copy of the First Amended Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that FOURNIER INDUSTRIE ET SANTE be served with judicial process in the manner provided by Rule 4.

    FOURNIER INDUSTRIE ET SANTE will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

AO 398 (Delaware Rev. 7/00)

      I understand that a judgment may be entered against FOURNIER INDUSTRIE ET SANTE if an answer or motion under Rule 12 is not served upon you within 60 days after <u>April 18, 2008</u>.
(DATE REQUEST WAS SENT)

<u>May 19, 2008</u>  
(DATE)

_____  
(SIGNATURE)

Printed/Typed Name: <u>James L. Cooper</u>

As <u>Counsel for</u>      of/ <u>Fournier Industrie et Sante</u>  
     (TITLE)                                     (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

AO 398 (Delaware Rev. 7/00)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

STATE OF FLORIDA, Et al.,        )
                                 )
                                 )
                                 )
                                 )
                     Plaintiffs, )
        v.                       )
                                 )
ABBOTT LABORATORIES, FOURNIER    )    CASE NUMBER: 08-155
INDUSTRIE ET SANTE, and          )
LABORATOIRES FOURNIER, S.A.,     )
                                 )
                     Defendants. )

## WAIVER OF SERVICE OF SUMMONS

TO:   Elizabeth G. Arthur
      Assistant Attorney General
      STATE OF FLORIDA
      Office of the Attorney General
      PL-01 The Capitol
      Tallahassee, FL 32399-1050

I, __Laboratoires Fournier, S.A.__, acknowledge receipt of your request
         (DEFENDANT NAME)

that I waive service of summons in the action of __Florida v. Abbott Labs. et al.__,
                                                        (CAPTION OF ACTION)

which is case number __08-155-SLR__              (    in the United States District Court
                       (DOCKET NUMBER)
for the District of Delaware.

I have also received a copy of the First Amended Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that LABORATORIES FOURNIER, S.A be served with judicial process in the manner provided by Rule 4.

LABORATORIES FOURNIER, S.A will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

AO 398 (Delaware Rev. 7/00)

I understand that a judgment may be entered against LABORATORIES FOURNIER, S.A., if an answer or motion under Rule 12 is not served upon you within 60 days after , <u>April 18, 2008</u> .
(DATE REQUEST WAS SENT)

<u>May 19, 2008</u>                    _____/s/_____
(DATE)                                            (SIGNATURE)

Printed/Typed Name:    James L. Cooper

As <u>Counsel for</u>       of <u>Laboratoires Fournier, S.A.</u>
    (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing to the following:

> Mary B. Graham
> James W. Parrett. Jr.
> Morris, Nichols, Arsht & Tunnell LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 21, 2008 upon the following individuals in the manner indicated:

**BY ELECTRONIC MAIL:**

Mary B. Graham
James W. Parrett, Jr.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

mgraham@mnat.com

Office of the Attorney General for the State of Florida

/s/ Elizabeth G. Arthur

Elizabeth G. Arthur
*LEAD ATTORNEY*

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I caused to be served a true and correct copy of the foregoing document by United States Postal Service to the following:

**Defendant**

*Attorneys for Abbott Laboratories*

William F. Cavanaugh, Jr.
Chad J. Peterman
Thomas W. Pippert
Rosanne E. Felicello
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

**Defendant**

*Attorneys for Fournier Industrie et Sante' and Laboratories Fournier, SA*

James Cooper
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5014

Elizabeth G. Arthur
*LEAD ATTORNEY*
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: 850-414-3300
Elizabeth.Arthur@myfloridalegal.com

3