IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF FLORIDA, et al. ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 08-155-SLR |
| v. ) | |
| ABBOTT LABORATORIES, FOURNIER ) | |
| INDUSTRIE ET SANTE, and ) | |
| LABORATOIRES FOURNIER, S.A., ) | |
| Defendants. ) | |

**PLAINTIFF STATES' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION TO CONSOLIDATE WITH CASES 05-340, 05-360, 02-1512, AND 03-120**

### Introduction

It is well established that courts have the authority to consolidate actions involving common questions of law or fact if consolidation would facilitate the administration of justice. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3rd Cir. 1964). While consolidation is in the court's discretion, courts balance the efficiencies gained from consolidation against the potential for delay, prejudice and inconvenience that may occur. *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

In this matter, the common questions of law and fact weigh heavily in favor of consolidation. Plaintiff States allege the same claims of product hopping, sham litigation and wrongful procurement of patents raised in the antitrust claims asserted by the other

plaintiffs suing Abbott Laboratories and Fournier Industrie et Sante and Laboratories Fournier, S.A. ("Defendants"). Plaintiff States' complaint clearly demonstrates that there are common issues of fact and law that warrant consolidation and, notably, Defendants do not dispute that there are common issues of fact and law. Instead, Defendants argue that they will be prejudiced because the cases are at different stages in the litigation and that they will somehow be prejudiced in the "eyes of the jury." These alleged prejudices do not outweigh the benefits that will be achieved by consolidating Plaintiff States' case with the other antitrust plaintiffs' cases.

## Argument

### Common Issues of Fact and Law Warrant Consolidation

Where, as here, common issues of fact and law support consolidation, Courts engage in a balancing test to determine if alleged prejudices outweigh the efficiencies that would result from consolidation. *Bank of Montreal*, 117 F.R.D. at 532-34. The Defendants do not dispute the indisputable—that the Plaintiff States' claims arise from the exact same conduct underlying the antitrust complaints already set for trial in November. Nor do Defendants dispute that the law strongly favors simultaneous resolution of all claims growing out of the same conduct. *See Ikerd v. Lapworth*, 435 F. 2d 197, 204 (7th Cir. 1970).

Defendants assert, however, that consolidation will prejudice their ability to raise a defense to Plaintiff States' complaint. This claim is fatally flawed. Plaintiff States' complaint raises no new liability issues, and as such, no new discovery is needed on these issues. The liability issues raised in the Plaintiff States' complaint have been thoroughly vetted by Defendants through years of discovery of the other antitrust plaintiffs asserting

2

the same claims. Plaintiff States have represented to the Court that the witnesses, documents, exhibits and experts they will rely on to support their complaint will be the same as those used in the antitrust cases in which Plaintiff States seek to be consolidated. Because Plaintiff States' complaint raises no new liability issues regarding product hopping, sham litigation and wrongful procurement of patents and will rely on the same facts, Defendants' argument that consolidation should be denied because they need new and time-consuming discovery is specious. Defendants' discovery and trial preparation necessary for dealing with Plaintiff States' litigation will overlap significantly with the work already completed for the other antitrust plaintiffs' litigation; therefore, "[t]he efficiency achieved by consolidation will far outweigh any inconvenience that may result therefrom." *Fields v. Provident Life and Accident Ins. Co.*, No. CIV.A. 99-CV-4261, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001).

Defendants' position also ignores the realities of government enforcement actions. The Plaintiff States have already undertaken substantial pre-complaint discovery and the Defendants have already produced a substantial number of documents to the Plaintiff States. Because the defenses that Defendants are likely to raise to Plaintiff States' claims are within Defendants' control, it should be relatively easy for Defendants to expedite post-complaint discovery in this matter. Moreover, if Plaintiff States' case is consolidated, Defendants will have five months to seek the discovery they claim they need. Nothing forecloses Defendants from obtaining discovery on any issue from the Plaintiff States prior to the November trial date, if they so wish.

Defendants seek to support their claim by alluding to possible issues as to each state's standing or injury. These alleged issues, if anything but pure speculation, can be

3

dealt with either in the damages phase or over the next five months through discovery. Contrary to Defendants' assertion, Plaintiff States are not denying the Defendants an opportunity to conduct discovery regarding the non-liability issues involved in the case or even regarding alleged liability issues. Defendants have ample time prior to the November trial date to conduct discovery. Moreover, the Defendants have had over two and a half months to analyze the majority of the state claims[1] based on the state laws cited in Plaintiff States' complaint. Defendants could have been and should have been analyzing each state's standing from publicly available sources, such as state statutes. More importantly, Plaintiff States' laws are for the most part the same state laws raised in the End Payor Plaintiffs' Consolidated Class Action Complaint which asserts claims on behalf of all 50 states. That action was filed on September 23, 2005, and Defendants have therefore had ample opportunity to obtain discovery on individual state issues.

Defendants also vaguely assert that consolidation will prejudice them in the "eyes of the jury," but have not cited a single case to support this theory.[2] Defendants' assertion that they will suffer jury prejudice by consolidation rests solely on a preliminary question raised by the Court on April 3, 2008, regarding the Court's "concerns about fairness"—a question as to which the Court invited briefing. Defendants' unsupported claim that they will be prejudiced is simply not enough to demonstrate prejudice. *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2007 U.S. Dist. LEXIS 73198, at *12 n.6 (D. Del. Sept. 30, 2007) (stating that merely assuming prejudice will result "is not enough to

---

[1] The Plaintiff States filed a complaint for 18 states and the District of Columbia on March 18, 2008. On April 18, 2008, Plaintiff States filed an amended complaint adding seven more states.
[2] Indeed, it would seem just as likely that jurors would be sympathetic to Defendants who claim to be outnumbered.

4

demonstrate prejudice."). Plaintiff States respectfully suggest that the Court's initial apprehension in this regard is unfounded.

Moreover, even if the Court remains concerned regarding the number of Plaintiff States, this concern can and should be readily resolved by appropriate jury guidance. Properly instructed, there is no reason to anticipate confusion of the jury, or prejudice to the rights of any of the parties. Defendants' argument that a jury instruction would do nothing to "counterbalance the sheer weight" of adding Plaintiff States is unfounded.[3] Any potential jury prejudice or confusion from consolidation may be remedied by a cautionary warning, limiting instructions, special verdict forms and other instructions to the jury.[4] *Ikerd*, 435 F. 2d at 204. It is fundamental that the jury will follow this Court's curative instructions in the absence of some indication to the contrary. *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) (commenting that courts "presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it . . . .").

## Conclusion

Consolidating Plaintiff States' case with the other pending antitrust cases for liability purposes makes eminent sense. Consolidation will avoid duplicative and multiple proceedings and will avoid an enormous and unnecessary waste of scarce judicial resources. Conducting two separate complex antitrust trials on the same liability

---

[3] Defendants' argument that the jury would be prejudiced by the number of plaintiffs is further undermined by the fact that Defendant Abbott Laboratories ("Abbott") itself has been a plaintiff in at least one multi-plaintiff case. In *Abbott Labs. v. Celebrezze*, 228 F. Supp. 855 (D.C. Del. 1964)(vacated and reversed on unrelated grounds), Abbott led 37 other plaintiffs (including the Pharmaceutical Manufacturers Association) in a suit against two defendants.

[4] To the extent that the Court's questions reflect a concern that the jury could be partial to the States because of their status as governmental entities, such concerns are also appropriately addressed through jury instructions and *voire dire*. *Butler v. City of Camden*, 352 F.3d 811, 815-17 (3rd Cir. 2003) (remarking that where the credibility of police officers as opposed to civilian witnesses was at issue, law enforcement bias by the jury can be addressed through *voire dire* questions and jury instructions).

issues would be extremely inefficient. By contrast, Defendants' assertion of prejudice is unsupported and the Court can fully resolve any remaining concern with appropriate jury guidance. For all the foregoing reasons, the overall efficiencies of consolidation clearly outweigh any possibility of prejudice and the Plaintiff States' Motion for Consolidation should be granted.

Dated: June 13, 2008

Respectfully submitted,

Elizabeth G. Arthur
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: 850-414-3300
Facsimile: 850-488-9134

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2008 the foregoing was caused to be electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on June 13, 2008 upon the following parties:

*Attorneys for Abbott Laboratories*

Mary B. Graham
James W. Parrett. Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mgraham@mnat.com
jparrett@mnat.com
mbgeservices@mnat.com

Chad J. Peterman
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
cjpeterman@pbwt.com

*Attorneys for Fournier Industrie et Sante'
and Laboratories Fournier, SA*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

James Cooper
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5014
james_cooper@aporter.com

Elizabeth G. Arthur
*LEAD ATTORNEY*
Assistant Attorney General
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, Florida 32399-1050
850-414-3300
elizabeth.arthur@myfloridalegal.com