**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

STATE OF FLORIDA                                    )
by Attorney General Bill McCollum                   )
                                                    )
STATE OF ARIZONA                                    )        Case No. 08-155 (SLR)
by Attorney General Terry Goddard                   )
                                                    )
STATE OF ARKANSAS                                   )
by Attorney General Dustin McDaniel                 )
                                                    )
STATE OF CALIFORNIA                                 )
by Attorney General Edmund G. Brown, Jr.            )
                                                    )
STATE OF CONNECTICUT                                )
by Attorney General Richard Blumenthal              )
                                                    )
DISTRICT OF COLUMBIA                                )
by Interim Attorney General Peter J. Nickles        )
                                                    )
STATE OF IDAHO                                      )
by Attorney General Lawrence G. Wasden              )
                                                    )
STATE OF IOWA                                       )
by Attorney General Thomas J. Miller                )
                                                    )
STATE OF KANSAS                                     )
by Attorney General Stephen N. Six                  )
                                                    )
STATE OF MAINE                                      )
by Attorney General G. Steven Rowe                  )
                                                    )
STATE OF MARYLAND                                   )
by Attorney General Douglas F. Gansler              )
                                                    )
COMMONWEALTH OF MASSACHUSETTS                       )
by Attorney General Martha Coakley                  )
                                                    )
STATE OF MICHIGAN                                   )
by Attorney General Michael A. Cox                  )
                                                    )
STATE OF MINNESOTA                                  )
by Attorney General Lori Swanson                    )
                                                    )

STATE OF MISSOURI                                )
by Attorney General Jeremiah (Jay) W. Nixon      )
                                                 )
STATE OF NEVADA                                  )
by Attorney General Catherine Cortez Masto       )
                                                 )
STATE OF NEW YORK                                )
by Attorney General Andrew M. Cuomo              )
                                                 )
STATE OF NORTH CAROLINA                          )
by Attorney General Roy Cooper                   )
                                                 )
STATE OF OHIO                                    )
by Attorney General Marc E. Dann                 )
                                                 )
STATE OF OREGON                                  )
by Attorney General Hardy Myers                  )
                                                 )
COMMONWEALTH OF PENNSYLVANIA                      )
by Attorney General Tom Corbett                  )
                                                 )
STATE OF SOUTH CAROLINA                          )
by Attorney General Henry McMaster               )
                                                 )
STATE OF TEXAS                                   )
by Attorney General Greg Abbott                  )
                                                 )
STATE OF VERMONT                                 )
by Attorney General William H. Sorrell           )
                                                 )
STATE OF WASHINGTON                              )
by Attorney General Rob McKenna                  )
                                                 )
STATE OF WEST VIRGINIA                           )
by Attorney General Darrell V. McGraw, Jr.       )
                                                 )
                              Plaintiffs,        )
                         v.                      )
                                                 )
ABBOTT LABORATORIES, FOURNIER                    )
INDUSTRIE ET SANTE, and                          )
LABORATORRES FOURNIER, S.A.,                     )
                                                 )
                              Defendants.        )

## FOURNIER'S ANSWER TO FIRST AMENDED COMPLAINT

Fournier Industrie et Santé and Laboratoires Fournier S.A. ("Fournier"), by their undersigned attorneys, answer the First Amended Complaint by the Attorneys General of Florida, Arizona, Arkansas, California, Connecticut, District of Columbia, Idaho, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nevada, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Texas, Vermont, Washington, and West Virginia (collectively "Plaintiff States"), with knowledge as to themselves and otherwise on information and belief, as follows:

1.    The first sentence of Paragraph 1 contains a statement of relief sought by Plaintiff States and conclusions of law, to which no response is required. Otherwise denied.

2.    Admitted that Paragraph 2 provides a non-exhaustive description of TriCor and other fenofibrate drugs.

3.    Admitted that since 1998 Abbott has sold in the United States TriCor manufactured by Fournier. Otherwise denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    To the extent that the averments in Paragraph 9 state legal conclusions, no response is required. Admitted that this Court has subject matter jurisdiction over the alleged federal antitrust claims. Otherwise denied.

10.    Denied.

11.    Admitted.

12.    Admitted with the exception of the averment regarding the address of 42 Rue de Longvic, 21300 Chenove, France, which is expressly denied. Fournier avers that the current registered office for Fournier Industrie Et Santé is 28 Boulevard Clemenceau, 21000 Dijon, France.

13.    The averments in the first sentence of Paragraph 13 are admitted, with the exception of the averment regarding the address of 42 Rue de Longvic, 21300 Chenove, France, which is expressly denied. Fournier avers that the current registered office for Laboratoires Fournier, S.A. is 28 Boulevard Clemenceau, 21000 Dijon, France. Admitted that Abbott was Fournier's marketing partner in the United States.

14.    To the extent that the averments in Paragraph 14 state legal conclusions and/or characterize the relief sought in this lawsuit, no response is required. Otherwise denied.

15.    Denied.

16.    Admitted.

17.    Denied.

18.    Admitted only that TriCor has been sold in interstate commerce in the United States at least since May 1998. Otherwise denied.

19.    Admitted only that TriCor has been transported across state lines and has been sold in each of the Plaintiff States. Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to "annual revenues" from unidentified years, and therefore denies these allegations. Otherwise denied.

20.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

RLF1-3293591-1

21.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

22.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

23.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

24.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

25.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

26.    To the extent that the averments state legal narratives and/or conclusions, no response is required. Otherwise denied.

27.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 27, and, therefore denies these allegations.

28.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 28, and, therefore denies these allegations.

29.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 29, and, therefore denies these allegations.

30.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 30, and, therefore denies these allegations.

31.    Admitted with the exception of the allegation that Abbott and Fournier reached an agreement in January 1998, which is denied.

32.    Admitted.

33.    To the extent the averments in Paragraph 33 summarize and/or rely on documents, the documents speak for themselves. Otherwise denied.

34.    To the extent the averments in Paragraph 34 summarize and/or rely on documents, the documents speak for themselves. Otherwise denied.

35.    Denied.

36.    Admitted.

37.    Admitted that in December 1999 Novopharm filed an ANDA for 67mg. and 200mg. fenofibrate capsules, that Novopharm sent Abbott a Paragraph IV certification referencing the '726 Patent, and that Abbott and Fournier filed patent infringement lawsuits. To the extent the averments in Paragraph 37 intend to summarize and/or recite the ANDA and Paragraph IV certification, those documents speak for themselves. Otherwise denied.

38.    Admitted that in May 2000 Impax filed an ANDA for 67mg. and 200mg. fenofibrate capsules, that Impax sent Abbott a Paragraph IV certification referencing the '726 Patent, and that Abbott and Fournier filed patent infringement lawsuits. To the extent the averments in Paragraph 38 intend to summarize and/or recite the ANDA and Paragraph IV certification, those documents speak for themselves. Otherwise denied.

39.    To the extent the averments in Paragraph 39 intend to summarize and/or recite from the '726 Patent, its prosecution history, or Teva's and Impax's Paragraph IV certifications, those documents speak for themselves. Otherwise denied.

40.    Admitted that on March 19, 2002, the U.S. District Court for the Northern District of Illinois granted summary judgment of non-infringement in favor of Teva. Admitted that on April 9, 2002 the FDA granted final approval to Teva to market its 200mg. and 134mg. fenofibrate capsule. Admitted that in September 2002 the FDA granted final approval to Teva to

market its 67mg. fenofibrate capsule. Admitted that summary judgment of non-infringement in

favor of Impax was granted in March 2003. Admitted that the Court of Appeals for the Federal

Circuit affirmed the Illinois District Court opinion. To the extent the averments in Paragraph 40

summarize and/or recite from the Federal Circuit's opinion, the opinion speaks for itself.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Admitted only that Abbott submitted data in connection with its NDA for TriCor

160mg. tablets, and that the FDA approved a HDL indication. To the extent the averments in

Paragraph 45 intend to summarize and/or recite Abbott's NDA and data, or the FDA's review,

the documents speak for themselves. Otherwise denied.

46.    Admitted that Abbott sought and obtained from the FDA an additional indication

for the TriCor tablet that the capsule formulation did not have, and in support of that application

Abbott relied on clinical studies conducted in connection with the capsule formulation.

Otherwise denied.

47.    Admitted that the TriCor 160mg. tablets were not AB-rated to the TriCor 200mg.

capsules and that the TriCor 160mg. tablets had a different dosage and form than the capsules.

To the extent that the averments in Paragraph 47 regarding bioequivalence and pharmaceutical

equivalence state legal conclusions, no response is required. Otherwise denied.

48.    To the extent that the averments in Paragraph 48 intend to summarize and/or

recite from documents or the discovery record , the documents speak for themselves. Fournier is

without sufficient information or knowledge to form a belief as to the truth of the averments

7

relating to unidentified Abbott managers and scientists, and, therefore denies these allegations. Otherwise denied.

49.    Admitted only that the labeling for the TriCor 200mg capsule differed from the labeling for the TriCor 160mg. tablet. Otherwise denied.

50.    To the extent the averments in Paragraph 50 intend to summarize and/or recite from documents or the discovery record, the documents speak for themselves. Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified physicians, and, therefore denies these allegations. Otherwise denied.

51.    To the extent the averments in Paragraph 51 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

52.    To the extent the averments in Paragraph 52 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied

53.    Denied.

54.    To the extent the averments in Paragraph 54 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

55.    To the extent the averments in Paragraph 55 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

56.    To the extent the averments in Paragraph 56 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

57.    To the extent the averments in Paragraph 57 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

58.    To the extent the averments in Paragraph 58 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

59.    To the extent the averments in Paragraph 59 intend to summarize and/or recite from documents or the discovery record, the documents speak for themselves.  Otherwise denied.

60.    Denied.

61.    To the extent the averments in Paragraph 61 state legal conclusions, no response is required.  Otherwise denied.

62.    Admitted only that Abbott communicated the discontinuance of the TriCor capsule formulation to First DataBank.  Otherwise denied.

63.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified health insurers, and therefore denies these allegations.

64.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified patients, pharmacists, or potential manufacturers, and therefore denies these allegations.

65.    Admitted only that by March 2002, most new prescriptions for TriCor were for TriCor 160mg. tablets.  Otherwise denied.

66.    Denied.

67.    To the extent the averments in Paragraph 67 state legal conclusions, no response is required.  Otherwise denied.

68.    Denied.

69.    Denied.

70.    Admitted that Fournier filed and prosecuted applications for the '670 Patent, the '405 Patent, the '552 Patent, and the '881 Patent  To the extent the averments in Paragraph 70

9

intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

71. Denied.

72. To the extent the averments in Paragraph 72 intend to summarize and/or recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

73. To the extent the averments in Paragraph 73 intend to summarize and/or recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

74. To the extent the averments in Paragraph 74 intend to summarize and/or recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

75. To the extent the averments in Paragraph 75 intend to summarize and/or recite from the '726 Patent, the Stamm Patents, or their prosecution histories, the documents speak for themselves. Otherwise denied.

76. To the extent the averments in Paragraph 76 intend to summarize and/or recite from the '726 Patent, its prosecution history, the Blouquin Memo, or other unidentified documents, the documents speak for themselves. Otherwise denied.

77. To the extent the averments in Paragraph 77 intend to summarize and/or recite from the Stamm Patents and/or their prosecution histories, the documents speak for themselves. Otherwise denied.

78. Admitted that Reginault was Fournier's director of pharmaceutical development between 1988 and 2002, that in 2002 Reginault became Fournier's director of pharmaceutical

technologies evaluation, and that Reginault was a technical contact with Abbott. Otherwise denied.

79.    To the extent the averments in Paragraph 79 intend to summarize and/or recite from the Stamm Patents or their prosecution histories, the documents speak for themselves. Otherwise denied.

80.    To the extent the averments in Paragraph 80 state legal conclusions, no response is required. To the extent the averments in Paragraph 80 intend to summarize and/or recite from the Stamm Patents or their prosecution histories, the Stamm Patents and their prosecution histories speak for themselves. Otherwise denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Admitted that the Stamm Patents were issued by the PTO starting in June 2000 through November 2003, and that each Stamm Patent was listed in the Orange Book. Otherwise denied.

86.    To the extent the averments in Paragraph 86 state legal conclusions, no response is required. Otherwise denied.

87.    Denied.

88.    Denied.

89.    Admitted only that generic manufacturers submitted ANDAs for generic fenofibrate tablets after Abbott launched TriCor 160mg. tablets, and that generic manufacturers submitted Paragraph IV certifications regarding the '726, '670, and '405 Patents. To the extent

the averments in Paragraph 89 intend to summarize and/or recite from specific ANDAs and/or Paragraph IV certifications, the documents speak for themselves. Otherwise denied.

90.    Admitted with the exception of the last sentence, which states a legal conclusion to which no response is required.

91.    Admitted that in July 2003, the PTO granted Fournier the '552 Patent, and the '552 Patent was listed in the Orange Book in July 2003. Otherwise denied.

92.    Admitted that Teva and Impax submitted Paragraph IV certifications for the '552 Patent. To the extent the averments in Paragraph 92 intend to summarize and/or recite from specific Paragraph IV certifications, the documents speak for themselves. Otherwise denied.

93.    Admitted.

94.    To the extent the averments in Paragraph 94 state legal conclusions, no response is required. Otherwise denied.

95.    Admitted that in November 2003 Fournier was granted the '881 Patent and that in December 2003 Abbott listed the '881 Patent in the Orange Book. Otherwise denied.

96.    Admitted only that Teva and Impax submitted Paragraph IV notices for the '881 Patent and that Abbott and Fournier filed patent infringement lawsuits in the District of Delaware against Teva and Impax, including Civil Action Nos. 04-0047 and 04-0048 on January 22, 2004. Otherwise denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    To the extent the averments in Paragraph 100 state legal conclusions, no response is required. To the extent the averments in Paragraph 100 intend to summarize and/or recite

from the Federal Circuit's decision in the capsule litigation, the opinion speaks for itself.
Otherwise denied.

101.    Denied.

102.    To the extent the averments in Paragraph 102 intend to summarize and/or recite
from filings Abbott's and Fournier's pleadings in the Original Tablet and '552 lawsuits, from the
Court's opinions in those lawsuits, or the Stamm Patents and their prosecution histories, the
documents speak for themselves. Otherwise denied.

103.    To the extent the averments in Paragraph 103 intend to summarize and/or recite
from the Court's summary judgment decisions, the opinions speak for themselves. Otherwise
denied.

104.    Denied.

105.    Denied.

106.    To the extent the averments in Paragraph 106 intend to summarize and/or recite
from documents or the discovery record, the documents speak for themselves. Otherwise denied.

107.    Admitted that Abbott filed a NDA for TriCor 145mg. tablets in the fall of 2003.
To the extent the averments in Paragraph 107 intend to summarize and/or recite from the NDA
and/or other documents, the documents speak for themselves. Otherwise denied.

108.    To the extent the averments in Paragraph 108 intend to summarize and/or recite
from documents, or the discovery record, the documents speak for themselves. Otherwise
denied.

109.    Admitted that the FDA approved a label allowing the TriCor 145mg. tablet to be
taken without regard to food. To the extent the averments in Paragraph 109 intend to summarize

and/or recite from the TriCor 145 mg. tablet NDA and/or unidentified documents, the documents speak for themselves. Otherwise denied.

110. Admitted that Teva and Impax received tentative approval for fenofibrate tablet products in March 2004. To the extent the averments in Paragraph 110 intend to summarize and/or recite documents or the discovery record, the documents speak for themselves. Otherwise denied.

111. To the extent the averments in Paragraph 111 intend to summarize and/or recite unidentified Abbott and/or Fournier documents, the documents speak for themselves. Otherwise denied.

112. Admitted only that on November 5, 2004 Abbott received FDA approval of the TriCor 145mg. tablets which Abbott then promoted. Otherwise denied.

113. To the extent the averments in Paragraph 113 intend to summarize and/or recite from documents, the documents speak for themselves. Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified "members of the health care community," and therefore denies these allegations. Otherwise denied.

114. To the extent that the averments in Paragraph 114 intend to summarize and/or recite documents, the documents speak for themselves. Otherwise denied.

115. To the extent the averments in Paragraph 115 intend to summarize and/or recite documents, the documents speak for themselves. Otherwise denied.

116. To the extent the averments in Paragraph 116 intend to summarize and/or recite documents, the documents speak for themselves. Otherwise denied.

117.    To the extent the averments in Paragraph 117 intend to summarize and/or recite from letters to retail chains and wholesalers, the documents speak for themselves. Otherwise denied.

118.    To the extent the averments in Paragraph 118 intend to summarize and/or recite from documents, the documents speak for themselves. Otherwise denied.

119.    Admitted only that TriCor 160mg. tablets were destroyed. To the extent the averments in Paragraph 119 intend to summarize and/or recite from documents, the documents speak for themselves. Otherwise denied.

120.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified pharmacists, and therefore denies these allegations. Otherwise denied.

121.    Admitted that by February 2005 most new prescriptions for TriCor were for TriCor 145mg. tablets. Otherwise denied.

122.    Admitted that Abbott communicated the discontinuance of the TriCor 160mg. tablet formulation to First DataBank. Otherwise denied.

123.    Admitted that Abbott communicated the discontinuance of the TriCor 160mg. tablet formulation to First DataBank in May 2005. To the extent the averments in Paragraph 123 intend to summarize and/or recite from documents, the documents speak for themselves. Otherwise denied.

124.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified health insurers, and therefore denies these allegations. Otherwise denied.

125.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to unidentified physicians and pharmacists, and therefore denies these allegations. Otherwise denied.

126.    Admitted only that the District Court granted partial summary judgment on May 6, 2005, and that the FDA granted final approval to Teva's ANDA to market a 160mg. fenofibrate tablet. To the extent the averments in Paragraph 126 intend to summarize and/or recite from documents or the Court's opinions, the documents speak for themselves. Otherwise denied.

127.    To the extent the averments in Paragraph 127 state a conclusion of law, no response is required. Otherwise denied.

128.    Denied.

129.    Deny and aver that at least one generic competitor began marketing a generic version of fenofibrate.

130.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments relating to what various persons and entities "would have" been able to do, and therefore denies these allegations. Otherwise denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    To the extent the averments in Paragraph 136 state a legal conclusion, no response is required. Otherwise denied.

## Count I: Monopolization under Sherman Act §2

137.    Fournier repeats and realleges its responses herein to paragraphs 1-136 in answer to Paragraph 137.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

## Count II: Conspiracy to Monopolize under Sherman Act §2

142.    Fournier repeats and realleges its responses herein to paragraphs 1-141 in answer to Paragraph 142.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

## Count III: Illegal Restraint of Trade under Sherman Act §1

149.    Fournier repeats and realleges its responses herein to paragraphs 1-148 in answer to Paragraph 149.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

## Count IV: State Law Claims

### Arizona

155.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 155.

156.    Denied.

### Arkansas

157.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 157.

158.    Denied.

### California

159.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 159.

160.    Denied.

161.    Denied.

### Connecticut

162.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 162.

163.    Denied.

### District of Columbia

164.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 164.

165.    Denied.

166.    Denied.

167.    Denied.

RLF1-3293591-1

**Florida**

168.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 168.

169.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 169, and therefore denies these allegations.  Otherwise denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    No response is required to Paragraph 173 as it states a request for relief. Otherwise denied.

174.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 174, and therefore denies these allegations.  Otherwise denied.

175.    Denied.

176.    To the extent the averments in Paragraph 176 state a legal conclusion, no response is required.  Otherwise denied.

177.    No response is required to the averments in Paragraph 177.  Otherwise denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

**Idaho**

182.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 182.

183.    No response is required to the averments in Paragraph 183.  Otherwise denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

## Iowa

191.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 191.

192.    Denied.

## Kansas

193.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 193.

194.    Denied.

## Maine

195.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 195.

196.    Denied.

## Maryland

197.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 197.

198.    Denied.

RLF1-3293591-1

199.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 199, and therefore denies these allegations. Otherwise denied.

200.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 200, and therefore denies these allegations. Otherwise denied.

201.    Denied.

202.    Denied.

## Massachusetts

203.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 203.

204.    Denied.

205.    Denied.

## Michigan

206.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 206.

207.    To the extent the averments in Paragraph 207 state a legal conclusion, no response is required. Otherwise denied.

208.    Denied.

209.    Denied.

210.    Denied.

## Minnesota

211.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 211.

212.    Denied.

213.    Denied.

RLF1-3293591-1

214.    Denied.

## Missouri

215.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 215.

216.    Denied.

217.    Denied.

## Nevada

218.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 218.

219.    Denied.

## New York

220.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 220.

221.    To the extent the averments in Paragraph 221 state a legal conclusion and/or characterize the nature of this lawsuit, no response is required. Otherwise denied.

222.    To the extent the averments in Paragraph 222 state a legal conclusion and/or characterize the nature of this lawsuit, no response is required. Otherwise denied.

223.    To the extent the averments in Paragraph 223 state a legal conclusion and/or characterize the nature of this lawsuit, no response is required. Otherwise denied.

224.    Denied.

225.    Denied.

226.    Denied.

**North Carolina**

227.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 227.

228.    Denied.

229.    Denied.

230.    Denied.

**Ohio**

231.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 231.

232.    Denied.

233.    Denied.

**Oregon**

234.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 234.

235.    To the extent the averments in Paragraph 235 state a legal conclusion and/or characterize the nature of this lawsuit, no response is required.  Otherwise denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

## Pennsylvania

243.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 243.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 247, and therefore denies these allegations.  Otherwise denied.

248.    Denied.

249.    To the extent the averments in Paragraph 249 state a legal conclusion, no response is required.  Otherwise denied.

250.    To the extent the averments in Paragraph 250 state a legal conclusion, no response is required.  Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 250, and therefore denies these allegations.  Otherwise denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    To the extent the averments in Paragraph 258 state a legal conclusion, no response is required.  Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 258, and therefore denies these allegations.  Otherwise denied.

259.    To the extent the averments in Paragraph 259 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

260.    To the extent the averments in Paragraph 260 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

261.    To the extent the averments in Paragraph 261 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    To the extent the averments in Paragraph 265 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 271, and therefore denies these allegations.  Otherwise denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

### South Carolina

277.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 277.

278.    To the extent the averments in Paragraph 278 state a legal conclusion, no response is required.  Fournier is without sufficient knowledge or information to form a belief as to the averments in Paragraph 278, and therefore denies these allegations.  Otherwise denied.

279.    Denied.

280.    To the extent the averments in Paragraph 280 state a legal conclusion, no response is required.  Otherwise denied.

281.    To the extent the averments in Paragraph 281 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

282.    Denied.

283.    To the extent the averments in Paragraph 283 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.

284.    To the extent the averments in Paragraph 284 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

### Texas

285.    Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 285.

286.    To the extent the averments in Paragraph 286 state a legal conclusion, no response is required.  Otherwise denied.

287.    Denied.

288.    To the extent the averments in Paragraph 288 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

289.     To the extent the averments in Paragraph 289 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

290.     To the extent the averments in Paragraph 290 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

291.     To the extent the averments in Paragraph 291 state a legal conclusion and/or characterize the relief sought in this lawsuit, no response is required.  Otherwise denied.

### Vermont

292.     Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 292.

293.     Denied.

### Washington

294.     Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 294.

295.     Denied.

296.     Denied.

### West Virginia

297.     Fournier repeats and realleges its responses herein to paragraphs 1-154 in answer to Paragraph 297.

298.     Denied.

### GENERAL DENIAL

Fournier denies each and every allegation of the First Amended Complaint that has not been admitted or specifically responded to.  To the extent any allegations of fact in the First Amended Complaint remain unanswered, Fournier denies such allegations.  Furthermore, Fournier denies each and every Prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff States fail to state a claim against Fournier upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff States, and those on whose behalf Plaintiff States purport to bring claims, have not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, or any other injury to a legally cognizable interest, by reason of the conduct alleged in the First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

At all times, Fournier has acted in good faith in furtherance of it legitimate business interests and has caused no injury to competition, the public, or the Plaintiff States.

## FOURTH AFFIRMATIVE DEFENSE

At no time has Fournier's conduct been for the purpose of, or had the effect of, restraining competition unreasonably.

## FIFTH AFFIRMATIVE DEFENSE

Fournier's conduct is protected under the Noerr-Pennington doctrine and/or otherwise under the Constitution of the United States.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims are precluded, in whole or in part, by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984 and related amendments.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent there is a finding of conduct that prevented generic entry and higher prices as a result, the Plaintiff States' claims are barred, in whole or in part, to the extent any higher prices were passed on, in whole or in part, to parties not included in this action.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims are barred, in whole or in part, because Plaintiff States would be unjustly enriched if allowed to recover all or any part of the damages alleged in the First Amended Complaint.

RLF1-3293591-1

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims fail to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims are barred, in whole or in part, because they lack the legal authority to bring such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff States did not suffer injury or damages by reason of any act or omission by Fournier.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims are barred, in whole or in part, because they failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injuries, loses, or damages suffered by the Plaintiff States were proximately caused by their own actions regardless of whether contributory, negligent, incompetent, careless or reckless.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff States' claims are barred, in whole or in part, because the alleged damages, if any, are speculative.

## FIFTEENTH AFFIRMATIVE DEFENSE

Fournier does not maintain monopoly power in the relevant market.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Food and Drug Administration approved each version of TriCor for sale in the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they contravene the rule of law established by the United States Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because of waiver and/or estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Venue does not lie in this district as to the claims against Fournier.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Fournier reserves the right to add to its affirmative defenses as additional information becomes available in the course of this litigation.

## RELIEF REQUESTED

WHEREFORE, Fournier, having answered, respectfully requests judgment dismissing with prejudice the First Amended Complaint and each and every claim for relief therein, and awarding Fournier its costs, disbursements, attorneys' fees and such other and further relief as the Court deems just and proper.

OF COUNSEL:
William Baer
James Cooper
Anne P. Davis
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC 20004
(202) 942-5000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517

Dated: June 17, 2008

*Anne Shea Gaza*

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Fournier Industrie Et Santé and*
*Laboratoires Fournier, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008, I caused to be served by electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**Elizabeth G. Arthur**
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300
Fax: 850-488-9134
Email: Elizabeth.Arthur@myfloridalegal.com

**R. Scott Palmer**
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300
Fax: 850-488-9134
Email: Scott.Palmer@myfloridalegal.com

**Craig S. Farringer**
Office of the Attorney General for the District
of Columbia
441 4th Street NW, Suite 1130 N
Washington, DC 20001
202-442-9841
Fax: 202-741-5908
Email: craig.farringer@dc.gov

**Susan Phan**
Office of the Attorney General for the District
of Columbia
441 4 Street, N.W., Suite 1130-N
Washington, DC 20001
202-727-3225
Fax: 202-741-5908
Email: susan.phan@dc.gov

**Mary B. Graham**
**James Walter Parrett, Jr.**
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
mgraham@mnat.com
jparrett@mnat.com

Anne Shea Gaza (#4093)
gaza@rlf.com