IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF FLORIDA, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-155 (SLR) |
| | ) | |
| ABBOTT LABORATORIES, | ) | |
| FOURNIER INDUSTRIE ET SANTÉ, and | ) | |
| LABORATOIRES FOURNIER, S.A., | ) | |
| | ) | |
| Defendants. | ) | |

**ABBOTT LABORATORIES' ANSWER TO
PLAINTIFF STATES' FIRST AMENDED COMPLAINT**

Defendant Abbott Laboratories ("Abbott"), by its undersigned counsel, hereby answers Plaintiff States' First Amended Complaint ("States' Complaint"), on knowledge as to itself and otherwise on information and belief, as follows:

1.     Abbott denies the allegations in paragraph 1 of the States' Complaint, except Abbott avers only that paragraph 1 of the States' Complaint contains a description of this proceeding, Plaintiff States' request for relief, and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 1 of the States' Complaint.

2.     Abbott denies the allegations in paragraph 2 of the States' Complaint, except Abbott admits only that TriCor is a prescription drug with fenofibrate as an active ingredient and that paragraph 2 of the States' Complaint contains a partial recitation of TriCor's benefits.

3.     Abbott denies the allegations in paragraph 3 of the States' Complaint, except Abbott admits only that Abbott has sold TriCor in the United States since 1998.

4.     Abbott denies the allegations in paragraph 4 of the States' Complaint, except Abbott avers only that paragraph 4 of the States' Complaint contains legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 4 of the States' Complaint.

5.     Abbott denies the allegations in paragraph 5 of the States' Complaint.

6.     Abbott denies the allegations in paragraph 6 of the States' Complaint.

7.     Abbott denies the allegations in paragraph 7 of the States' Complaint.

8.     Abbott denies the allegations in paragraph 8 of the States' Complaint.

9.     Abbott denies the allegations in paragraph 9 of the States' Complaint, except Abbott admits only that under 28 U.S.C. §§ 1331 and 1337, this Court has subject matter jurisdiction over the federal antitrust claims under the Sherman Act.  Abbott avers that the remaining allegations in paragraph 9 of the States' Complaint contain a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 9 of the States' Complaint.

10.     Abbott denies the allegations in paragraph 10 of the States' Complaint, except Abbott admits only that: (i) with respect to Abbott, venue is proper in this district under 15 U.S.C. § 22 and 28 §§ U.S.C. 1391 (b) and (c); and (ii) Abbott transacts business in this district.

11.     Abbott admits the allegations in paragraph 11 of the States' Complaint.

12.     Abbott denies the allegations in paragraph 12 of the States' Complaint, except Abbott admits only that the French corporation Fournier Industrie et Santé — formerly known as Fournier Innovation et Synergie — was a holding company for a conglomerate of

French and international companies.  In addition, Abbott avers that the registered office address for Fournier Industrie et Santé is 28 Boulevard Clemenceau, 21000 Dijon, France.

13.     Abbott denies the allegations in paragraph 13 of the States' Complaint, except Abbott admits only that: (i) Laboratoires, Fournier, S.A., is a wholly-owned subsidiary of Fournier Industrie et Santé; and (ii) Abbott and Fournier are parties to a license agreement relating to the sale of TriCor in the United States.  In addition, Abbott avers that the registered office address for Laboratoires, Fournier, S.A., is 28 Boulevard Clemenceau, 21000 Dijon, France.

14.     Abbott denies the allegations in paragraph 14 of the States' Complaint, except Abbott avers only that paragraph 14 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 14 of the States' Complaint.

15.     Abbott denies the allegations in paragraph 15 of the States' Complaint.

16.     Abbott admits the allegations in paragraph 16 of the States' Complaint.

17.     Abbott denies the allegations in paragraph 17 of the States' Complaint.

18.     Abbott denies the allegations in paragraph 18 of the States' Complaint, except Abbott admits only that TriCor has been sold in interstate commerce in the United States since at least May 1998.

19.     Abbott denies the allegations in paragraph 19 of the States' Complaint, except Abbott admits only that: (i) TriCor has been transported across state lines and has been sold in each of the Plaintiff States; and (ii) Abbott's annual revenues for TriCor sold in the United States have surpassed $1 billion.

20.     Abbott denies the allegations in paragraph 20 of the States' Complaint, except Abbott avers only that paragraph 20 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 20 of the States' Complaint.

21.     Abbott denies the allegations in paragraph 21 of the States' Complaint, except Abbott avers only that paragraph 21 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 21 of the States' Complaint.

22.     Abbott denies the allegations in paragraph 22 of the States' Complaint, except Abbott avers only that paragraph 22 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 22 of the States' Complaint.

23.     Abbott denies the allegations in paragraph 23 of the States' Complaint, except Abbott avers only that paragraph 23 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 23 of the States' Complaint.

24.     Abbott denies the allegations in paragraph 24 of the States' Complaint, except Abbott avers only that paragraph 24 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 24 of the States' Complaint.

25.     Abbott denies the allegations in paragraph 25 of the States' Complaint, except Abbott avers only that paragraph 25 of the States' Complaint contains legal narrative that

requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 25 of the States' Complaint.

26.     Abbott denies the allegations in paragraph 26 of the States' Complaint, except Abbott avers only that paragraph 26 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 26 of the States' Complaint.

27.     Abbott denies the allegations in paragraph 27 of the States' Complaint, except Abbott avers only that paragraph 27 of the States' Complaint contains descriptive narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 27 of the States' Complaint.

28.     Abbott denies the allegations in paragraph 28 of the States' Complaint, except Abbott avers only that paragraph 28 of the States' Complaint contains descriptive narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 28 of the States' Complaint.

29.     Abbott denies the allegations in paragraph 29 of the States' Complaint, except Abbott avers only that paragraph 29 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 29 of the States' Complaint.

30.     Abbott denies the allegations in paragraph 30 of the States' Complaint, except Abbott avers only that paragraph 30 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 30 of the States' Complaint.

31.     Abbott denies the allegations in paragraph 31 of the States' Complaint, except Abbott admits only that: (i) Fournier received FDA approval in 1993 for Lipidil, a fenofibrate product that was never marketed in the United States; and (ii) Abbott and Fournier market TriCor in the United States.

32.     Abbott admits the allegations in paragraph 32 of the States' Complaint.

33.     Abbott denies the allegations in paragraph 33 of the States' Complaint, except to the extent that paragraph 33 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

34.     Abbott denies the allegations in paragraph 34 of the States' Complaint, except to the extent that paragraph 34 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

35.     Abbott denies the allegations in paragraph 35 of the States' Complaint.

36.     Abbott admits the allegations in paragraph 36 of the States' Complaint.

37.     Abbott denies the allegations in paragraph 37 of the States' Complaint, except Abbott admits only that: (i) Novopharm filed an ANDA with the FDA in December 1999 for fenofibrate capsules; (ii) Novopharm submitted paragraph IV certifications; and (iii) Abbott and Fournier filed complaints alleging infringement of the '726 Patent against Teva.  To the

extent that paragraph 37 of the States' Complaint describes the ANDA, paragraph IV certifications, or the complaints, Abbott avers only that the documents speak for themselves and should be read as a whole.

      38.    Abbott denies the allegations in paragraph 38 of the States' Complaint, except Abbott admits only that: (i) Impax filed an ANDA with the FDA for generic fenofibrate capsules in May 2000; (ii) Impax submitted a paragraph IV certification; and (iii) Abbott and Fournier filed a complaint alleging infringement of the '726 Patent.  To the extent that paragraph 38 of the States' Complaint describes the ANDA, paragraph IV certification, or the complaint, Abbott avers only that the documents speak for themselves and should be read as a whole.

      39.    Abbott denies the allegations in paragraph 39 of the States' Complaint. To the extent that paragraph 39 of the States' Complaint describes the claims within the '726 Patent, Abbott avers only that the patent speaks for itself and should be read as a whole.

      40.    Abbott denies the allegations in paragraph 40 of the States' Complaint, except Abbott admits only that: (i) on March 20, 2002, the U.S. District Court for the Northern District of Illinois granted summary judgment of non-infringement of the '726 Patent in favor of Teva; (ii) in April 2002, Teva received final approval from the FDA to market a 200 mg and 134 mg fenofibrate product; (iii) in September 2002, Teva received final FDA approval to market its 67 mg fenofibrate capsule product; (iv) the U.S. District Court for the Northern District of Illinois later granted summary judgment of non-infringement of the '726 Patent in favor of Impax; and (v) the U.S. Court of Appeals for the Federal Circuit later affirmed the trial court's decision in Abbott Laboratories v. Novopharm Ltd., 2002 WL 433584 (N.D. Ill. Mar. 20, 2002). To the extent that paragraph 40 of the States' Complaint describes the decision of the U.S. Court

of Appeals for the Federal Circuit, Abbott avers only that the decision speaks for itself and should be read as a whole.

41.    Abbott denies the allegations in paragraph 41 of the States' Complaint.

42.    Abbott denies the allegations in paragraph 42 of the States' Complaint.

43.    Abbott denies the allegations in paragraph 43 of the States' Complaint.

44.    Abbott denies the allegations in paragraph 44 of the States' Complaint.

45.    Abbott denies the allegations in paragraph 45 of the States' Complaint, except Abbott admits only it submitted data in connection with its NDA for TriCor 160 mg Tablets and that the FDA approved an HDL indication for TriCor 160 mg Tablets. To the extent that paragraph 45 of the States' Complaint describes the data that Abbott submitted, Abbott avers only that the data speaks for itself and should be considered in its entirety.

46.    Abbott denies the allegations in paragraph 46 of the States' Complaint, except Abbott admits only that the HDL indication for TriCor 160 mg Tablets is based on data collected in connection with TriCor 200 mg Capsules.

47.    Abbott denies the allegations in paragraph 47 of the States' Complaint, except Abbott admits only that: (i) TriCor 160 mg Tablets were not AB-rated to TriCor 200 mg Capsules; and (ii) the TriCor 160 mg Tablets had a different dosage and different form than the TriCor 200 mg Capsules. Abbott avers that the allegations in paragraph 47 of the States' Complaint regarding bioequivalence and pharmaceutical equivalence contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 47 of the States' Complaint.

48.    Abbott denies the allegations in paragraph 48 of the States' Complaint, except to the extent that paragraph 48 of the States' Complaint purports to describe unspecified

documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

49.     Abbott denies the allegations in paragraph 49 of the States' Complaint, except Abbott admits only that the labeling for TriCor 160 mg Tablets differed from the labeling for TriCor 200 mg Capsules.

50.     Abbott denies the allegations in paragraph 50 of the States' Complaint, except: (i) Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 50 of the States' Complaint that "[a] majority of physicians were already aware that TriCor — in capsules or tablets — could raise HDL levels[;]" and (ii) to the extent that paragraph 50 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

51.     Abbott denies the allegations in paragraph 51 of the States' Complaint, except to the extent that paragraph 51 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

52.     Abbott denies the allegations in paragraph 52 of the States' Complaint, except to the extent that paragraph 52 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

53.     Abbott denies the allegations in paragraph 53 of the States' Complaint.

54.     Abbott denies the allegations in paragraph 54 of the States' Complaint, except to the extent that paragraph 54 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

55.     Abbott denies the allegations in paragraph 55 of the States' Complaint, except to the extent that paragraph 55 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

56.     Abbott denies the allegations in paragraph 56 of the States' Complaint, except to the extent that paragraph 56 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the States' Complaint regarding the contents or

description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

57.    Abbott denies the allegations in paragraph 57 of the States' Complaint, except to the extent that paragraph 57 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

58.    Abbott denies the allegations in paragraph 58 of the States' Complaint, except to the extent that paragraph 58 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

59.    Abbott denies the allegations in paragraph 59 of the States' Complaint, except to the extent that paragraph 59 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

60.    Abbott denies the allegations in paragraph 60 of the States' Complaint.

61.    Abbott denies the allegations in paragraph 61 of the States' Complaint, except Abbott avers only that paragraph 61 of the States' Complaint contains legal narrative that

requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 61 of the States' Complaint.

62.    Abbott denies the allegations in paragraph 62 of the States' Complaint, except Abbott admits only that by April 2002, Abbott had notified the NDDF that the TriCor capsule products were discontinued.

63.    Abbott denies the allegations in paragraph 63 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the States' Complaint regarding the formulary status that individual insurers afforded to Teva's fenofibrate capsules. Abbott avers that the allegations in paragraph 63 of the States' Complaint regarding "a single-source drug in the NDDF" contain legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 63 of the States' Complaint.

64.    Abbott denies the allegations in paragraph 64 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the States' Complaint regarding the demand for generic fenofibrate capsules or potential generic-fenofibrate manufacturers' interest in entering the market.

65.    Abbott denies the allegations in paragraph 65 of the States' Complaint, except Abbott admits only that by March 2002 most new prescriptions for TriCor were for the 160 mg Tablets.

66.    Abbott denies the allegations in paragraph 66 of the States' Complaint.

67.    Abbott denies the allegations in paragraph 67 of the States' Complaint, except Abbott avers only that paragraph 67 of the States' Complaint contains legal narrative that

requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 67 of the States' Complaint.

68.    Abbott denies the allegations in paragraph 68 of the States' Complaint.

69.    Abbott denies the allegations in paragraph 69 of the States' Complaint.

70.    Abbott denies the allegations in paragraph 70 of the States' Complaint, except Abbott admits only that the '405 Patent, the '552 Patent, and the '881 Patent (collectively, "Stamm Patents") were filed and prosecuted, but Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.

71.    Abbott denies the allegations in paragraph 71 of the States' Complaint.

72.    Abbott denies the allegations in paragraph 72 of the States' Complaint, except Abbott admits only that paragraph 72 of the States' Complaint purports to describe and quote from the prosecution histories of the Stamm Patents, but Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.

73.    Abbott denies the allegations in paragraph 73 of the States' Complaint, except Abbott admits only that paragraph 73 of the States' Complaint purports to describe and quote from the prosecution histories of the Stamm Patents, but Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.

74.    Abbott denies the allegations in paragraph 74 of the States' Complaint, except to the extent that paragraph 74 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

75.    Abbott denies the allegations in paragraph 75 of the States' Complaint, except to the extent that paragraph 75 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

76.    Abbott denies the allegations in paragraph 76 of the States' Complaint, except to the extent that paragraph 76 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.  In addition, to the extent that paragraph 76 of the States' Complaint purports to describe the Blouquin Memo, Abbott avers that the Blouquin Memo speaks for itself and should be considered as a whole.

77.    Abbott denies the allegations in paragraph 77 of the States' Complaint, except to the extent that paragraph 77 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

78.    Abbott denies the allegations in paragraph 78 of the States' Complaint, except Abbott admits only that Reginault, Fournier's director of pharmaceutical development between 1988 and 2002, was a technical contact with Abbott.

79.     Abbott denies the allegations in paragraph 79 of the States' Complaint, except Abbott admits only that paragraph 79 of the States' Complaint purports to describe the prosecution histories of the Stamm Patents, but Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.

80.     Abbott denies the allegations in paragraph 80 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the States' Complaint regarding what "the PTO relied upon[,]" and Abbott admits only that paragraph 80 of the States' Complaint purports to describe and quote from the prosecution histories of the Stamm Patents, but Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.

81.     Abbott denies the allegations in paragraph 81 of the States' Complaint.

82.     Abbott denies the allegations in paragraph 82 of the States' Complaint.

83.     Abbott denies the allegations in paragraph 83 of the States' Complaint.

84.     Abbott denies the allegations in paragraph 84 of the States' Complaint.

85.     Abbott denies the allegations in paragraph 85 of the States' Complaint, except Abbott admits only that: (i) the Stamm Patents were issued by the PTO at various times beginning on June 13, 2000 through November 25, 2003; and (ii) that each Stamm Patent was listed in the Orange Book after issuance.

86.     Abbott denies the allegations in paragraph 86 of the States' Complaint, except Abbott avers only that the allegations in paragraph 86 of the States' Complaint regarding the filing of "ANDAs with Paragraph IV Certifications" contain legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 86 of the States' Complaint.

87.    Abbott denies the allegations in paragraph 87 of the States' Complaint.

88.    Abbott denies the allegations in paragraph 88 of the States' Complaint.

89.    Abbott denies the allegations in paragraph 89 of the States' Complaint, except Abbott admits only that generic manufacturers submitted ANDAs for generic fenofibrate tablets after Abbott launched TriCor 160 mg Tablets, and that generic manufacturers submitted paragraph IV certifications for the '726, '670, and '405 Patents; Abbott avers that these certifications speak for themselves and should be read as a whole.

90.    Abbott denies the allegations in paragraph 90 of the States' Complaint, except Abbott admits only that Abbott and Fournier filed: (i) Civil Action No. 02-1512 against Teva in the U.S. District Court for the District of Delaware on October 4, 2002, for infringement of the '726 Patent, the '670 Patent, and the '405 Patent; (ii) Civil Action No. 03-120 against Impax in the U.S. District Court for the District of Delaware on January 23, 2003, for infringement of the '670 Patent and the '405 Patent; and (iii) Civil Action No. 03-288 against Impax on March 14, 2003, for infringement of the '670 Patent and the '405 Patent.  Abbott avers that the allegations in paragraph 90 of the States' Complaint regarding "30-month stays" contain legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 90 of the States' Complaint.

91.    Abbott denies the allegations in paragraph 91 of the States' Complaint, except Abbott admits only that: (i) in July 2003, the PTO granted Fournier the '552 Patent; and (ii) in July 2003, Abbott and Fournier listed the '552 Patent in the Orange Book.

92.    Abbott denies the allegations in paragraph 92 of the States' Complaint, except Abbott admits only that: (i) Teva and Impax then submitted paragraph IV certifications for the '552 Patent; and (ii) Teva and Impax notified Abbott and Fournier of the filing of their

Paragraph IV certifications for the '552 Patent.  Abbott avers that the certifications speak for themselves and should be read as a whole.

93.     Abbott denies the allegations in paragraph 93 of the States' Complaint, except Abbott admits only that Abbott and Fournier filed: (i) Civil Action No. 03-847 against Teva in the U.S. District Court for the District of Delaware on August 29, 2003, for infringement of the '552 Patent; and (ii) Civil Action No. 03-890 against Impax in the U.S. District Court for the District of Delaware on September 22, 2003, for infringement of the '552 Patent.

94.     Abbott denies the allegations in paragraph 94 of the States' Complaint, except Abbott avers only that paragraph 94 of the States' Complaint contains legal narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 94 of the States' Complaint.

95.     Abbott denies the allegations in paragraph 95 of the States' Complaint, except Abbott admits only that: (i) in November 2003, the PTO granted Fournier the '881 Patent; and (ii) in December 2003, Abbott and Fournier listed the '881 Patent in the Orange Book.

96.     Abbott denies the allegations in paragraph 96 of the States' Complaint, except Abbott admits only that: (i) Teva and Impax then submitted paragraph IV certifications for the '881 Patent; (ii) Abbott and Fournier filed Civil Action No. 04-0047 against Teva in the U.S. District Court for the District of Delaware on January 22, 2004, for infringement of the '881 Patent; and (iii) Abbott and Fournier filed Civil Action No. 04-0048 against Impax in the U.S. District Court for the District of Delaware on January 22, 2004, for infringement of the '881 Patent.

97.     Abbott denies the allegations in paragraph 97 of the States' Complaint.

98.     Abbott denies the allegations in paragraph 98 of the States' Complaint.

99.     Abbott denies the allegations in paragraph 99 of the States' Complaint.

100.    Abbott denies the allegations in paragraph 100 of the States' Complaint, except Abbott admits only that on March 20, 2003, the U.S. Court of Appeals for the Federal Circuit affirmed the trial court's decision in Abbott Laboratories v. Novopharm Ltd., 2002 WL 433584 (N.D. Ill. Mar. 20, 2002).  To the extent that paragraph 100 of the States' Complaint describes the decision of the U.S. Court of Appeals for the Federal Circuit, Abbott avers only that the decision speaks for itself and should be read as a whole.  Abbott avers that the remaining allegations in paragraph 100 of the States' Complaint contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 100 of the States' Complaint.

101.    Abbott denies the allegations in paragraph 101 of the States' Complaint.

102.    Abbott denies the allegations in paragraph 102 of the States' Complaint, except Abbott admits only that paragraph 102 of the States' Complaint purports to quote from and describe the May 6, 2005 decisions of the U.S. District Court for the District of Delaware; to the extent that paragraph 102 of the States' Complaint describes the Court's May 6, 2005 decisions, Abbott avers only that those decisions speak for themselves and should be read as a whole.  In addition, Abbott avers that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott avers that the remaining allegations in paragraph 102 of the States' Complaint contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 102 of the States' Complaint.

103.    Abbott denies the allegations in paragraph 103 of the States' Complaint, except Abbott admits only that, on May 6, 2005, the U.S. District Court for the District of

Delaware granted summary judgment of non-infringement of the '670 Patent, claim 9 of the '405 Patent, and the '552 Patent in favor of Teva and Impax; to the extent that paragraph 103 of the States' Complaint describes the Court's May 6, 2005 decisions, Abbott avers only that those decisions speak for themselves and should be read as a whole. Abbott avers that the remaining allegations in paragraph 103 of the States' Complaint contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 103 of the States' Complaint.

104.    Abbott denies the allegations in paragraph 104 of the States' Complaint.

105.    Abbott denies the allegations in paragraph 105 of the States' Complaint.

106.    Abbott denies the allegations in paragraph 106 of the States' Complaint, except to the extent that paragraph 106 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

107.    Abbott denies the allegations in paragraph 107 of the States' Complaint, except Abbott admits only that in the fall of 2003, it filed with the FDA an NDA for TriCor 145 mg Tablets. To the extent that paragraph 107 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

108.    Abbott denies the allegations in paragraph 108 of the States' Complaint, except to the extent that paragraph 108 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

109.    Abbott denies the allegations in paragraph 109 of the States' Complaint, except Abbott admits only that the FDA granted the TriCor 145 mg Tablet formulation a label allowing it to be taken without regard to meals.  To the extent that paragraph 109 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

110.    Abbott denies the allegations in paragraph 110 of the States' Complaint, except Abbott admits only that in March 2004, both Teva and Impax received tentative approval from the FDA for their ANDAs for a generic fenofibrate tablet.

111.    Abbott denies the allegations in paragraph 111 of the States' Complaint, except to the extent that paragraph 111 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

112.    Abbott denies the allegations in paragraph 112 of the States' Complaint, except Abbott admits only that on November 5, 2004, the FDA approved Abbott's NDA for the TriCor 145 mg Tablets, which Abbott then promoted.

113.    Abbott denies the allegations in paragraph 113 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents or description of the unspecified marketing studies that paragraph 113 of the States' Complaint purports to describe, and Abbott avers only that these unspecified marketing studies speak for themselves and should be considered in their entirety.

114.    Abbott denies the allegations in paragraph 114 of the States' Complaint, except to the extent that paragraph 114 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

115.    Abbott denies the allegations in paragraph 115 of the States' Complaint, except to the extent that paragraph 115 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

116.    Abbott denies the allegations in paragraph 116 of the States' Complaint, except to the extent that paragraph 116 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 116 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

117.    Abbott denies the allegations in paragraph 117 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents or description of the unspecified writings to retail chains and wholesalers that paragraph 117 of the States' Complaint purports to describe, and Abbott avers only that these unspecified writings speak for themselves and should be considered in their entirety.

118.    Abbott denies the allegations in paragraph 118 of the States' Complaint, except to the extent that paragraph 118 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

119.    Abbott denies the allegations in paragraph 119 of the States' Complaint, except to the extent that paragraph 119 of the States' Complaint purports to describe unspecified documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

120.    Abbott denies the allegations in paragraph 120 of the States' Complaint, except to the extent that paragraph 120 of the States' Complaint purports to describe unspecified

documents, Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the States' Complaint regarding the contents or description of these unspecified documents, and Abbott avers only that these unspecified documents speak for themselves and should be considered in their entirety.

121.    Abbott denies the allegations in paragraph 121 of the States' Complaint, except Abbott admits only that by February 2005 most new prescriptions for TriCor were for the 145 mg Tablets.

122.    Abbott denies the allegations in paragraph 122 of the States' Complaint, except Abbott admits only that it notified the NDDF that the TriCor 160 mg Tablets were discontinued.  Abbott avers that the remaining allegations in paragraph 122 of the States' Complaint contain descriptive narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 122 of the States' Complaint.

123.    Abbott denies the allegations in paragraph 123 of the States' Complaint, except Abbott admits only that in May 2005, Abbott notified the NDDF that the TriCor 160 mg Tablets were discontinued.  Abbott avers that the allegation in paragraph 123 of the States' Complaint regarding the removal of the NDDF reference contains descriptive narrative that requires no answer but, to the extent that a response is required, Abbott denies this allegation in paragraph 123 of the States' Complaint.

124.    Abbott denies the allegations in paragraph 124 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the States' Complaint regarding the formulary status that individual insurers afforded to generic 160 mg tablets.  Abbott avers that the allegations in paragraph 124 of the States' Complaint regarding "a 'single-source' product" contain legal

narrative that requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 124 of the States' Complaint.

125.    Abbott denies the allegations in paragraph 125 of the States' Complaint.

126.    Abbott denies the allegations in paragraph 126 of the States' Complaint, except Abbott admits only that: (i) on May 6, 2005, the U.S. District Court for the District of Delaware granted summary judgment of non-infringement of the '670 Patent, claim 9 of the '405 Patent, and the '552 Patent in favor of Teva; and (ii) subsequently, the FDA granted final approval to Teva's ANDA to market 54 mg and 160 mg fenofibrate tablet products.  To the extent that paragraph 126 of the States' Complaint describes the Court's May 6, 2005 decision or other unspecified documents, Abbott avers that those documents speak for themselves and should be considered in their entirety.

127.    Abbott denies the allegations in paragraph 127 of the States' Complaint, except Abbott avers only that the allegation regarding whether Teva was "legally able to enter the fenofibrate market" contains legal conclusions that require no answer but, to the extent that a response is required, Abbott denies this allegation in paragraph 127 of the States' Complaint.

128.    Abbott denies the allegations in paragraph 128 of the States' Complaint.

129.    Abbott denies the allegations in paragraph 129 and avers only that at least one generic competitor began marketing a generic version of fenofibrate.

130.    Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the States' Complaint.

131.    Abbott denies the allegations in paragraph 131 of the States' Complaint.

132.    Abbott denies the allegations in paragraph 132 of the States' Complaint.

133.    Abbott denies the allegations in paragraph 133 of the States' Complaint.

134.    Abbott denies the allegations in paragraph 134 of the States' Complaint.

135.    Abbott denies the allegations in paragraph 135 of the States' Complaint.

136.    Abbott denies the allegations in paragraph 136 of the States' Complaint, except Abbott avers only that paragraph 136 of the States' Complaint contains legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 136 of the States' Complaint.

## Count I: Monopolization under Sherman Act § 2

137.    In response to paragraph 137 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–136 as though set forth herein.

138.    Abbott denies the allegations in paragraph 138 of the States' Complaint.

139.    Abbott denies the allegations in paragraph 139 of the States' Complaint.

140.    Abbott denies the allegations in paragraph 140 of the States' Complaint.

141.    Abbott denies the allegations in paragraph 141 of the States' Complaint.

## Count II: Conspiracy to Monopolize under Sherman Act § 2

142.    In response to paragraph 142 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–141 as though set forth herein.

143.    Abbott denies the allegations in paragraph 143 of the States' Complaint.

144.    Abbott denies the allegations in paragraph 144 of the States' Complaint.

145.    Abbott denies the allegations in paragraph 145 of the States' Complaint.

146.    Abbott denies the allegations in paragraph 146 of the States' Complaint.

147.    Abbott denies the allegations in paragraph 147 of the States' Complaint.

148.    Abbott denies the allegations in paragraph 148 of the States' Complaint.

## Count III: Illegal Restraint of Trade under Sherman Act § 1

149.    In response to paragraph 149 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–148 as though set forth herein.

150.    Abbott denies the allegations in paragraph 150 of the States' Complaint.

151.    Abbott denies the allegations in paragraph 151 of the States' Complaint.

152.    Abbott denies the allegations in paragraph 152 of the States' Complaint.

153.    Abbott denies the allegations in paragraph 153 of the States' Complaint.

154.    Abbott denies the allegations in paragraph 154 of the States' Complaint.

## Count IV: State Law Claims

155.    In response to paragraph 155 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

156.    Abbott denies the allegations in paragraph 156 of the States' Complaint.

157.    In response to paragraph 157 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

158.    Abbott denies the allegations in paragraph 158 of the States' Complaint.

159.    In response to paragraph 159 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

160.    Abbott denies the allegations in paragraph 160 of the States' Complaint.

161.    Abbott denies the allegations in paragraph 161 of the States' Complaint.

162.    In response to paragraph 162 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

163.    Abbott denies the allegations in paragraph 163 of the States' Complaint.

164.    In response to paragraph 164 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

165.    Abbott denies the allegations in paragraph 165 of the States' Complaint.

166.    Abbott denies the allegations in paragraph 166 of the States' Complaint.

167.    Abbott denies the allegations in paragraph 167 of the States' Complaint.

168.    In response to paragraph 168 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

169.    Abbott denies the allegations in paragraph 169 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the States' Complaint regarding the purchases of TriCor "through contracts that are assigned to the State of Florida."

170.    Abbott denies the allegations in paragraph 170 of the States' Complaint.

171.    Abbott denies the allegations in paragraph 171 of the States' Complaint.

172.    Abbott denies the allegations in paragraph 172 of the States' Complaint.

173.    Abbott denies the allegations in paragraph 173 of the States' Complaint, except Abbott avers only that paragraph 173 of the States' Complaint contains the Plaintiff State of Florida's request for additional relief, which requires no answer but, to the extent that a response is required, Abbott denies this allegation in paragraph 173 of the States' Complaint.

174.    Abbott denies the allegations in paragraph 174 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the States' Complaint regarding the unspecified "Florida governmental entities and individuals residing in Florida."

175.    Abbott denies the allegations in paragraph 175 of the States' Complaint.

176.    Abbott denies the allegations in paragraph 176 of the States' Complaint, except Abbott avers only that paragraph 176 of the States' Complaint contains legal conclusions

that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 176 of the States' Complaint.

177.    Abbott denies the allegations in paragraph 177 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the States' Complaint regarding the Florida Attorney General's review of or determinations concerning this matter.

178.    Abbott denies the allegations in paragraph 178 of the States' Complaint.

179.    Abbott denies the allegations in paragraph 179 of the States' Complaint.

180.    Abbott denies the allegations in paragraph 180 of the States' Complaint.

181.    Abbott denies the allegations in paragraph 181 of the States' Complaint, except Abbott avers only that paragraph 181 of the States' Complaint contains the Plaintiff State of Florida's request for additional relief, which requires no answer but, to the extent that a response is required, Abbott denies this allegation in paragraph 181 of the States' Complaint.

182.    In response to paragraph 182 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

183.    Abbott denies the allegations in paragraph 183 of the States' Complaint, except Abbott avers only that paragraph 183 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 183 of the States' Complaint.

184.    Abbott denies the allegations in paragraph 184 of the States' Complaint.

185.    Abbott denies the allegations in paragraph 185 of the States' Complaint.

186.    Abbott denies the allegations in paragraph 186 of the States' Complaint.

187.    Abbott denies the allegations in paragraph 187 of the States' Complaint.

188. Abbott denies the allegations in paragraph 188 of the States' Complaint.

189. Abbott denies the allegations in paragraph 189 of the States' Complaint.

190. Abbott denies the allegations in paragraph 190 of the States' Complaint.

191. In response to paragraph 191 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

192. Abbott denies the allegations in paragraph 192 of the States' Complaint.

193. In response to paragraph 193 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

194. Abbott denies the allegations in paragraph 194 of the States' Complaint.

195. In response to paragraph 195 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

196. Abbott denies the allegations in paragraph 196 of the States' Complaint.

197. In response to paragraph 197 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

198. Abbott denies the allegations in paragraph 198 of the States' Complaint.

199. Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the States' Complaint, except Abbott admits only that TriCor was shipped to pharmacies located in Maryland during the relevant period.

200. Abbott denies the allegations in paragraph 200 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the States' Complaint regarding the amounts that the Maryland Pharmacy Program and Maryland's State Employee and Retiree Health and Welfare Benefits Program paid for TriCor during the relevant period.

201.    Abbott denies the allegations in paragraph 201 of the States' Complaint, except Abbott avers only that paragraph 201 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 201 of the States' Complaint.

202.    Abbott denies the allegations in paragraph 202 of the States' Complaint, except Abbott avers only that paragraph 202 of the States' Complaint contains the Plaintiff State of Maryland's request for reimbursement of fees and costs, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 202 of the States' Complaint.

203.    In response to paragraph 203 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

204.    Abbott denies the allegations in paragraph 204 of the States' Complaint.

205.    Abbott denies the allegations in paragraph 205 of the States' Complaint.

206.    In response to paragraph 206 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

207.    Abbott denies the allegations in paragraph 207 of the States' Complaint, except Abbott avers only that paragraph 207 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 207 of the States' Complaint.

208.    Abbott denies the allegations in paragraph 208 of the States' Complaint.

209.    Abbott denies the allegations in paragraph 209 of the States' Complaint.

210.    Abbott denies the allegations in paragraph 210 of the States' Complaint, except Abbott avers only that paragraph 210 of the States' Complaint contains the Plaintiff State

of Michigan's request for additional relief, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 210 of the States' Complaint.

211.    In response to paragraph 211 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

212.    Abbott denies the allegations in paragraph 212 of the States' Complaint.

213.    Abbott denies the allegations in paragraph 213 of the States' Complaint.

214.    Abbott denies the allegations in paragraph 214 of the States' Complaint.

215.    In response to paragraph 215 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

216.    Abbott denies the allegations in paragraph 216 of the States' Complaint.

217.    Abbott denies the allegations in paragraph 217 of the States' Complaint.

218.    In response to paragraph 218 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

219.    Abbott denies the allegations in paragraph 219 of the States' Complaint.

220.    In response to paragraph 220 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

221.    Abbott denies the allegations in paragraph 221 of the States' Complaint, except Abbott avers only that paragraph 221 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 221 of the States' Complaint.

222.    Abbott denies the allegations in paragraph 222 of the States' Complaint, except Abbott avers only that paragraph 222 of the States' Complaint contains a description of

this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 222 of the States' Complaint.

223.    Abbott denies the allegations in paragraph 223 of the States' Complaint, except Abbott avers only that paragraph 223 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 223 of the States' Complaint.

224.    Abbott denies the allegations in paragraph 224 of the States' Complaint.

225.    Abbott denies the allegations in paragraph 225 of the States' Complaint.

226.    Abbott denies the allegations in paragraph 226 of the States' Complaint.

227.    In response to paragraph 227 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

228.    Abbott denies the allegations in paragraph 228 of the States' Complaint.

229.    Abbott denies the allegations in paragraph 229 of the States' Complaint.

230.    Abbott denies the allegations in paragraph 230 of the States' Complaint.

231.    In response to paragraph 231 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

232.    Abbott denies the allegations in paragraph 232 of the States' Complaint.

233.    Abbott denies the allegations in paragraph 233 of the States' Complaint.

234.    In response to paragraph 234 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

235.    Abbott denies the allegations in paragraph 235 of the States' Complaint, except Abbott avers only that paragraph 235 of the States' Complaint contains a description of

this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 235 of the States' Complaint.

236.    Abbott denies the allegations in paragraph 236 of the States' Complaint.

237.    Abbott denies the allegations in paragraph 237 of the States' Complaint.

238.    Abbott denies the allegations in paragraph 238 of the States' Complaint.

239.    Abbott denies the allegations in paragraph 239 of the States' Complaint.

240.    Abbott denies the allegations in paragraph 240 of the States' Complaint.

241.    Abbott denies the allegations in paragraph 241 of the States' Complaint.

242.    Abbott denies the allegations in paragraph 242 of the States' Complaint.

243.    In response to paragraph 243 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

244.    Abbott denies the allegations in paragraph 244 of the States' Complaint.

245.    Abbott denies the allegations in paragraph 245 of the States' Complaint.

246.    Abbott denies the allegations in paragraph 246 of the States' Complaint.

247.    Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 of the States' Complaint.

248.    Abbott denies the allegations in paragraph 248 of the States' Complaint.

249.    Abbott denies the allegations in paragraph 249 of the States' Complaint, except Abbott avers only that paragraph 249 of the States' Complaint contains legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 249 of the States' Complaint.

250.    Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the States' Complaint, except Abbott avers

only that the allegations in paragraph 250 of the States' Complaint regarding the standing or representative capacity of the Commonwealth of Pennsylvania contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 250 of the States' Complaint.

251.    Abbott denies the allegations in paragraph 251 of the States' Complaint.

252.    Abbott denies the allegations in paragraph 252 of the States' Complaint.

253.    Abbott denies the allegations in paragraph 253 of the States' Complaint.

254.    Abbott denies the allegations in paragraph 254 of the States' Complaint.

255.    Abbott denies the allegations in paragraph 255 of the States' Complaint.

256.    Abbott denies the allegations in paragraph 256 of the States' Complaint.

257.    Abbott denies the allegations in paragraph 257 of the States' Complaint.

258.    Abbott denies the allegations in paragraph 258 of the States' Complaint, except Abbott denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258 of the States' Complaint regarding the Pennsylvania Attorney General's determinations concerning these proceedings, and Abbott avers only that the remaining allegations in paragraph 258 of the States' Complaint contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 258 of the States' Complaint.

259.    Abbott denies the allegations in paragraph 259 of the States' Complaint, except Abbott avers only that paragraph 259 of the States' Complaint contains legal conclusions and the Plaintiff Commonwealth of Pennsylvania's request for injunctive relief, which require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 259 of the States' Complaint.

260.    Abbott denies the allegations in paragraph 260 of the States' Complaint, except Abbott avers only that paragraph 260 of the States' Complaint contains legal conclusions and the Plaintiff Commonwealth of Pennsylvania's request for disgorgement and restitution, which require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 260 of the States' Complaint.

261.    Abbott denies the allegations in paragraph 261 of the States' Complaint, except Abbott avers only that paragraph 261 of the States' Complaint contains legal conclusions and the Plaintiff Commonwealth of Pennsylvania's request for a civil-penalty award, which require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 261 of the States' Complaint.

262.    Abbott denies the allegations in paragraph 262 of the States' Complaint.

263.    Abbott denies the allegations in paragraph 263 of the States' Complaint.

264.    Abbott denies the allegations in paragraph 264 of the States' Complaint.

265.    Abbott denies the allegations in paragraph 265 of the States' Complaint, except Abbott avers only that paragraph 265 of the States' Complaint contains legal conclusions and the Plaintiff Commonwealth of Pennsylvania's request for additional relief, which require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 265 of the States' Complaint.

266.    Abbott denies the allegations in paragraph 266 of the States' Complaint.

267.    Abbott denies the allegations in paragraph 267 of the States' Complaint.

268.    Abbott denies the allegations in paragraph 268 of the States' Complaint.

269.    Abbott denies the allegations in paragraph 269 of the States' Complaint.

270.    Abbott denies the allegations in paragraph 270 of the States' Complaint.

271.    Abbott denies the allegations in paragraph 271 of the States' Complaint, except Abbott denies having knowledge or information sufficient as to the truth of the allegations in paragraph 271 of the States' Complaint regarding the identities of the alleged purchasers, reimbursers, and/or end payors described therein.

272.    Abbott denies the allegations in paragraph 272 of the States' Complaint.

273.    Abbott denies the allegations in paragraph 273 of the States' Complaint.

274.    Abbott denies the allegations in paragraph 274 of the States' Complaint.

275.    Abbott denies the allegations in paragraph 275 of the States' Complaint.

276.    Abbott denies the allegations in paragraph 276 of the States' Complaint.

277.    In response to paragraph 277 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

278.    Abbott denies the allegations in paragraph 278 of the States' Complaint, except Abbott avers only that paragraph 278 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 278 of the States' Complaint.

279.    Abbott denies the allegations in paragraph 279 of the States' Complaint.

280.    Abbott denies the allegations in paragraph 280 of the States' Complaint, except Abbott avers only that the allegation in paragraph 280 of the States' Complaint regarding the capacity in which South Carolina Medicaid and South Carolina EIP are represented contains legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 280 of the States' Complaint.

281.    Abbott denies the allegations in paragraph 281 of the States' Complaint, except Abbott avers only that the allegations in paragraph 281 of the States' Complaint regarding

the capacities in which "South Carolina consumers are represented" contain legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 281 of the States' Complaint. In addition, Abbott avers only that paragraph 281 of the States' Complaint contains the Plaintiff State of South Carolina's requests for injunctive and other relief, which require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 281 of the States' Complaint.

282.    Abbott denies the allegations in paragraph 282 of the States' Complaint.

283.    Abbott denies the allegations in paragraph 283 of the States' Complaint, except Abbott avers only that paragraph 283 of the States' Complaint contains the Plaintiff State of South Carolina's request for attorneys' fees and costs, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 283 of the States' Complaint.

284.    Abbott denies the allegations in paragraph 284 of the States' Complaint, except Abbott avers only that paragraph 284 of the States' Complaint contains the Plaintiff State of South Carolina's request for additional relief, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 284 of the States' Complaint.

285.    In response to paragraph 285 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

286.    Abbott denies the allegations in paragraph 286 of the States' Complaint, except Abbott avers only that paragraph 286 of the States' Complaint contains a description of this proceeding and legal conclusions that require no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 286 of the States' Complaint.

287.    Abbott denies the allegations in paragraph 287 of the States' Complaint.

288.    Abbott denies the allegations in paragraph 288 of the States' Complaint, except Abbott avers only that paragraph 288 of the States' Complaint contains the Plaintiff State of Texas's request for damages, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 288 of the States' Complaint.

289.    Abbott denies the allegations in paragraph 289 of the States' Complaint, except Abbott avers only that paragraph 289 of the States' Complaint contains the Plaintiff State of Texas's request for an award of civil penalties, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 289 of the States' Complaint.

290.    Abbott denies the allegations in paragraph 290 of the States' Complaint, except Abbott avers only that paragraph 290 of the States' Complaint contains the Plaintiff State of Texas's request for injunctive relief, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 290 of the States' Complaint.

291.    Abbott denies the allegations in paragraph 291 of the States' Complaint, except Abbott avers only that paragraph 291 of the States' Complaint contains the Plaintiff State of Texas's request for fees and costs, which requires no answer but, to the extent that a response is required, Abbott denies these allegations in paragraph 291 of the States' Complaint.

292.    In response to paragraph 292 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

293.    Abbott denies the allegations in paragraph 293 of the States' Complaint.

294.    In response to paragraph 294 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

295.    Abbott denies the allegations in paragraph 295 of the States' Complaint.

296.    Abbott denies the allegations in paragraph 296 of the States' Complaint.

297.    In response to paragraph 297 of the States' Complaint, Abbott repeats and realleges its responses to paragraphs 1–154 as though set forth herein.

298.    Abbott denies the allegations in paragraph 298 of the States' Complaint.

Abbott hereby denies all other allegations of the States' Complaint, to the extent unanswered or not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff States fail to state a claim against Abbott upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff States have not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, or any other injury to a legally cognizable interest, by reason of the conduct alleged in the States' Complaint.

### THIRD AFFIRMATIVE DEFENSE

At all times, Abbott has acted in good faith in furtherance of its legitimate business interests and has caused no injury to competition, the public, or Plaintiff States.

### FOURTH AFFIRMATIVE DEFENSE

At no time has Abbott's conduct been for the purpose of, or had the effect of, restraining competition unreasonably.

### FIFTH AFFIRMATIVE DEFENSE

Abbott's conduct is protected under the Noerr-Pennington doctrine and/or otherwise under the Constitution of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff States' claims are precluded, in whole or in part, by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984 and related amendments.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent there is a finding of conduct that prevented generic entry and higher prices as a result, Plaintiff States' claims are barred, in whole or in part, to the extent any higher prices were passed on, in whole or in part, to parties not included in this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff States' claims are barred, in whole or in part, because Plaintiff States would be unjustly enriched if allowed to recover all or any part of the damages alleged in the States' Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff States' claims fail to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff States' claims are barred, in whole or in part, because they lack the legal authority to bring such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff States did not suffer injury or damages by reason of any act or omission by Abbott.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff States' claims are barred, in whole or in part, because Plaintiff States failed to mitigate their damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any injuries, losses, or damages suffered by Plaintiffs were proximately caused by their own actions regardless of whether contributory, negligent, incompetent, careless or reckless.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff States' claims are barred, in whole or in part, because Plaintiff States' alleged damages, if any, are speculative.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Abbott does not maintain monopoly power in the relevant market.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Food and Drug Administration approved each version of TriCor for sale in the United States.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff States' claims are barred, in whole or in part, because they contravene the rule of law established by the United States Supreme Court in Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff States' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff States' claims are barred, in whole or in part, because of waiver and/or estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

Abbott reserves the right to add to its affirmative defenses as additional information becomes available in the course of this litigation.

### RELIEF REQUESTED

WHEREFORE, Abbott, having answered, respectfully requests judgment dismissing with prejudice the Plaintiffs' States' Complaint and each and every claim for relief therein, and awarding Abbott its costs, disbursements, attorneys' fees and such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant Abbott Laboratories*

OF COUNSEL:

William F. Cavanaugh, Jr.
Thomas W. Pippert
Chad J. Peterman
Anjan Mishra
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

Dated:  June 17, 2008
2371376

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Elizabeth G. Arthur
R. Scott Palmer
OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF FLORIDA

Craig S. Farringer
Susan Phan
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 17, 2008 upon the following individuals in the manner indicated:

## BY ELECTRONIC MAIL

*Representing the Plaintiff States:*

Elizabeth G. Arthur
**Elizabeth.Arthur@myfloridalegal.com**
R. Scott Palmer
**Scott.Palmer@myfloridalegal.com**
OFFICE OF THE ATTORNEY GENERAL
FOR THE STATE OF FLORIDA

Craig S. Farringer
**craig.farringer@dc.gov**
Susan Phan
**susan.phan@dc.gov**
OFFICE OF THE ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA

*Representing the Fournier Defendants:*

Frederick L. Cottrell, III
**cottrell@rlf.com**
Anne Shea Gaza
**gaza@rlf.com**
RICHARDS, LAYTON & FINGER

William Baer
**william.baer@aporter.com**
James L. Cooper
**james.cooper@aporter.com**
Anne P. Davis
**anne.davis@aporter.com**
ARNOLD & PORTER LLP

Timothy C. Bickham
**tbickham@steptoe.com**
STEPTOE & JOHNSON LLP

*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)

2319602