IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) Civ. No. 02-1512-SLR ) (Consolidated) ) ) ) ) ) ) |
| IMPAX LABORATORIES, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., <br><br> Counterclaim Defendants. | ) ) ) ) ) ) Civ. No. 03-120-SLR ) (Consolidated) ) ) ) ) ) ) |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-340-SLR ) (Consolidated) ) |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-360-SLR ) (Consolidated) ) |

| | |
|---|---|
| STATE OF FLORIDA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 08-155-SLR |
| | ) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of August, 2008, having reviewed various pending motions with the benefit of oral argument;

IT IS ORDERED that:

1. In the interests of judicial economy and in order to more effectively manage the complexity of this litigation, the state law claims of the indirect purchaser plaintiffs[1] and of counterclaim plaintiffs[2] are hereby stayed until further order of the court. The litigation commenced by multiple States against the defendants (Civ. No. 08-155-SLR) shall be stayed as a consequence and the pending motion to consolidate[3] is denied without prejudice to renew. Likewise, defendants' motions for leave to file a motion for

---

[1]To wit, indirect purchaser plaintiffs' claims under the antitrust statutes of various states and the consumer protection statutes of all of the states and the District of Columbia, as well as their claims of unjust enrichment. (Civ. No. 05-360-SLR)

[2]To wit, counterclaim plaintiffs' state law tortious interference claims. (Civ. Nos. 02-1512-SLR and 03-120-SLR)

[3](Civ. No. 08-155-SLR, D.I. 30)

summary judgment on said state law claims[4] are denied without prejudice to renew.

2. Defendants' motions for summary judgment on relevant market definition[5] are denied, as the experts for plaintiffs have provided evidence of record sufficient to demonstrate the existence of genuine issues of material fact that should be resolved by a jury.[6] See Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 199 (3d Cir. 1992); Columbia Metal Culvert Co., Inc. v. Kaiser Alum. & Chem. Corp., 579 F.2d 20, 28 (3d Cir. 1978).

3. Defendants' motion for leave to file a motion for summary judgment on the issue of antitrust injury[7] is denied,[8] as I read the court's decision in Walgreen Co. v. AstraZeneca Pharmaceuticals L.P., 534 F. Supp. 2d 146 (D.D.C. 2008), very differently than do defendants. The court in AstraZeneca actually distinguished the "offending conduct" of the defendants at bar from that of AstraZeneca, finding that defendants at bar were charged with "eliminating choices available to the consumer" by "repurchas[ing] all existing prior formulations" of TriCor®, thus precluding competition

---

[4](Civ. No. 02-1512-SLR, D.I. 596; Civ. No. 03-120-SLR, D.I. 502; Civ. No. 05-340-SLR, D.I. 384; Civ. No. 05-360-SLR, D.I. 377)

[5](Civ. No. 02-1512-SLR, D.I. 603; Civ. No. 03-120-SLR, D.I. 511; Civ. No. 05-340-SLR, D.I. 396; Civ. No. 05-360-SLR, D.I. 390)

[6]More specifically, the experts retained by plaintiffs have opined that the relevant market is fenofibrate products, while defendants' experts have opined that the relevant market is all dyslipidemia products.

[7](Civ. No. 02-1512-SLR, D.I. 597; Civ. No. 03-120-SLR, D.I. 503; Civ. No. 05-340-SLR, D.I. 385; Civ. No. 05-360-SLR, D.I. 378)

[8]The motion for leave to file a surreply to the motion for leave is denied as moot. (Civ. No. 02-1512-SLR, D.I. 615; Civ. No. 03-120-SLR, D.I. 521)

by generic substitutions of the older formulations.[9]  Based on my review of the law and the record, the issue of antitrust injury is not amenable to a summary judgment practice.

 

*[signature]*
United States District Judge

---

[9]In direct contrast to the facts of record, despite the introduction of a new formulation (Nexium), AstraZeneca continued to manufacture and market its old formulation (Prilosec); generic manufacturers, therefore, had the option of competing against Nexium with the old formulation (Prilosec) and the opportunity to convince the market that there were no significant differences between the old and new formulations. 534 F. Supp. 2d at 148-49.